39    227
11la  ³610

## THOMAS WHITE
### *v.*
## JOHN THOMAS.

1. DECLARATION IN ASSUMPSIT—*averments in.* The declaration is always sufficiently definite when it states the contract in terms or in substance. So, where the various counts averred an agreement to sell sixty head of cattle, to be selected from a lot of eighty, the declaration was held sufficiently definite as it was proved by the evidence, and as the evidence did not show that any number of pounds was sold.

2. DEMAND—*what will amount to.* Where by an agreement for the sale of cattle, W. was to deliver them at a certain place between the first and fifteenth of March, at the option of T., and on the thirteenth of March, an agent of T. went to the house of W. and found there a man who said his name was W.; and when the agent said he had come for the cattle W. had sold to T., W. said he had sold T. no cattle: *Held,* that it was for the jury to say whether there was a demand, and that the evidence warranted the jury in finding that there was a demand.

3. SAME—*when necessary.* But where, under such an agreement, W. sold the cattle to F. on the fifteenth of February, and so put it out of his power to

perform his former agreement with T., then a demand by T. would have been useless, and he was not bound to make it; the law never requires the performance of a useless act.

4. TENDER—*same rule applies.* And for the same reason, T. was not bound in such a case to make a tender of the price; he was only bound to show that he was ready and willing to perform on his part, to entitle him to recover.

5. MEASURE OF DAMAGES. On trial of an action for breach of an agreement for the sale of a certain number of cattle to be delivered by weight after a certain day, on demand, and the same cattle were sold to a third party before that day, it was proper to show what the cattle did average at the time of actual delivery; and it was also proper for witnesses to estimate what the cattle would have weighed on the day when by the agreement they should have been delivered.

6. INSTRUCTIONS—*preponderance of testimony.* After giving instructions based upon an assumed state of facts to be found by the jury, it is proper then to instruct the jury that they should decide all questions in controversy in the case according to the preponderance of the evidence.

APPEAL from the Circuit Court of Adams county; the Hon. J. SIBLEY, Judge, presiding.

The facts in this case appear in the opinion. The following instructions, among others, were given for the plaintiff in the court below:

"1. If the jury believe, from the evidence, that the defendant made with the plaintiff the agreement in either count of plaintiff's .declaration alleged, and before the time for execution of the same on his part, by his own act put it out of his power to perform said agreement, then he is liable to the plaintiff in this suit for such damages as the plaintiff sustained by any failure on the part of defendant to perform; and, in such case, it was unnecessary for plaintiff to make demand, or do any other act to fix the defendant's liability.

"3. If the jury believe, from the evidence, that, in the winter of 1865, the defendant sold the plaintiff and the plaintiff purchased of the defendant the best sixty head of a lot of seventy head of cattle the defendant was then feeding, to be delivered to the plaintiff at any time between the 1st and 15th of March, 1865, at the option of plaintiff, the plaintiff on such delivery to

pay therefor six cents per pound of the gross weight of the same, and the defendant, in February, 1865, sold and delivered to another person forty-eight head of said seventy head of cattle, and put it out of his power to comply with his agreement of sale to the plaintiff, then he is liable in this action to plaintiff for the difference between such contract price and what said sixty head of cattle were worth at the time and place, when and where, by said agreement, they were to be delivered by defendant to plaintiff, and it makes no difference whether the price of cattle rose or fell after the time the cattle were to be delivered under the contract.

" 7.   The jury should decide all questions in controversy in this case according to the preponderance of the evidence."

The defendant below excepted to the giving of these instructions, and assigned them for error.

Two of the instructions asked for by the defendant below and there refused, are as follows:

" 1.   The plaintiff in this action sues for damages for an alleged breach of contract for a sale of cattle.   The burden of proof in order for plaintiff to recover is upon him, and unless the jury find from a preponderance of evidence that this defendant sold to plaintiff the cattle, for the price and upon the terms alleged in the declaration, and that a demand was made by plaintiff, in person, or through his duly authorized agent, upon this defendant for a performance of such contract, and that this defendant refused to comply with said contract, they should find for the defendant.

" 6.   Even if the jury believe from the evidence that the cattle alleged to have been sold by defendant to plaintiff, were to have been delivered to plaintiff, between the 1st or 15th day of March, 1865, and even if the jury further believe from the evidence of witness Scales, that he or Thomas, the plaintiff, demanded the cattle ; and if the jury further believe that defendant refused to deliver the cattle alleged to have been sold to plaintiff, yet the court instructs the jury, that plaintiff cannot recover unless he offered to pay for the cattle when he

· demanded said cattle, or was ready and willing to pay for said cattle at such place, if any, the jury find from the evidence, such cattle were to have been delivered."

The other instruction for the defendant which the court refused, is similar in principle to these.

Messrs. GRIMSHAW and WILLIAMS, for the appellant.

Mr. O. C. SKINNER, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, founded on an alleged breach of contract to deliver to appellee sixty head of good cattle, out of a lot of eighty head, then owned by appellant, which appellee had purchased of appellant; and which he agreed to deliver to him on any day between the first and fifteenth days of March, 1865, at the option of appellee at Camp Point. And appellee was to pay appellant therefor, at the rate of six dollars per hundred pounds gross weight, on delivery. And that on the 13th day of March, 1865, appellee notified appellant that he was ready to receive the cattle at Camp Point, and offered to pay for the same at the price agreed upon by the parties; but appellant failed and neglected so to do. The second count is, substantially, the same as the first. The third count, after stating the contract as in the first, avers that after making the contract and before the time of delivery, and on the 20th day of February, 1865, appellant sold and delivered the cattle to Farlow, and put it out of his power to deliver the cattle to appellee.

The fourth count states the contract generally, of the sale of the cattle, and that they were to be delivered between the first and fifteenth of March, and a sale and delivery by appellant to Farlow, before the 1st of March, and thereby put it out of his power to deliver the cattle to appellee, and that Farlow was an

innocent purchaser. The plea of the general issue was filed, and a trial had, resulting in a verdict and judgment against appellant; to reverse which he prosecutes this appeal.

It is urged that the contract is indefinite and uncertain, as no definite quantity is averred. The various counts aver the agreement to sell sixty head of cattle, to be selected from a lot of eighty. This we think is sufficiently definite, as the evidence does not show that any number of pounds was sold. The declaration is always sufficiently definite and certain when it states the contract in terms or in substance. If there was no agreement for a specific number of pounds, it would have been a variance to have so stated the agreement. The contract was lawful, and was stated as proved by the evidence, and no objection is perceived to it, and it was sufficient to warrant a recovery if proved.

It is insisted that there was no demand on appellant to deliver the cattle, and hence appellee did not exercise an option. A witness states that by the authority and under appellee's direction, he went to see appellant, and found a man at his house who said his name was Thomas White. That he informed him that he had come for the cattle he had sold appellee; he replied that he had sold appellee no cattle. This was a question for the jury to determine whether the demand was made of appellant or of some other person. They have found that it was of appellee, and we think that the evidence warranted the finding, and also that there was a demand.

It is urged that the evidence as to what the cattle might have been made to weigh was improper, as it did not afford the proper measure of damages. It is true that such evidence is not as satisfactory as would have been evidence of what the cattle did weigh. But appellant, by selling the cattle to Farlow, seems to have put it out of the power of appellee to prove what they weighed. And if the estimates of the witnesses placed it too high, appellant had the means of showing the fact. This, like the value of property, has frequently to be proved by the opinion of witnesses. When a party has failed to perform his contract the other party has a right to recover such dam-

ages as he sustains, and, in this case, when appellant failed to perform his agreement, he became liable to appellee for such sum of money as he lost thereby. Having purchased them at six cents per pound, if they afterward rose to eight or nine cents, appellee was entitled to recover the difference in the price at which he purchased and that at which they could have been sold. The evidence showed that the seventy head would have averaged 1,250 pounds on the 15th of February, and that on the 13th of March such cattle were worth, at Camp Point, from seven and one-half to nine cents per pound. The jury found a verdict for $1,313.50, which is a trifle over eight cents per pound. The evidence as to what the cattle would have probably increased up to the 13th of March was, evidently, wholly disregarded by the jury, and, consequently, did appellant no injury.

The law never requires the performance of a useless act. And if appellant placed it beyond his power to perform his part of the contract, by selling the cattle before the time expired at which appellee was to elect when he would receive them, then a demand would have been useless, and, being useless, he was not required to make it. Nor was he, for the same reason, bound to make a tender of the price. He was only bound to show that he was ready and willing to perform, on his part, to entitle him to recover, and this he appears to have proved.

We do not see that the seventh instruction given for appellee authorized the jury to decide legal questions. The court had instructed them on such questions, and it informed them that they should decide all questions according to the preponderance of the evidence. If they obeyed this instruction they could decide no legal question, as it only submits facts for their determination. We are unable to perceive any error in any of the instructions given for appellee, as they announce correct legal principles.

The instructions given for appellant seem to cover and correctly state the law as applicable to his case. And, under them, the jury were left to consider the evidence and determine whether appellant was liable; and, from what has been said, it

will be seen that there was no error committed by refusing his first, third and sixth instructions, and they were properly refused.

The judgment of the court below is affirmed.

*Judgment affirmed.*