ANDREW M. BEVERIDGE

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Filed at Ottawa June 20, 1881—Rehearing denied September Term, 1881.*

1. RIGHT OF WAY—*order condemning is a judgment.* An order affirming an assessment of damages for property taken for the public use is a judgment, and a final determination of the disputed facts and law of the case. Until

reversed, or otherwise impeached, it is conclusive on the parties as to the questions involved.

2. INTEREST—*on judgment condemning property.* It being the duty of park commissioners to pay for lands condemned by them for a boulevard, within a reasonable time after confirmation of the proceedings and the title to the property is settled, they will be held liable to pay interest on the compensation awarded for the property condemned, after demand made by the owner and the establishment of his title to the property, although the land is vacant and unoccupied, and possession has not been taken.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on error to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. JAMES K. EDSALL, and Mr. JOHN B. HAWLEY, for the plaintiff in error:

The award of compensation or damages by commissioners in condemnation proceedings, when approved by the court, is treated as a judgment, and is held to be "within the spirit, if not within the terms, of the statute which allows interest upon all judgments recovered." *Cook* v. *South Park Commissioners*, 61 Ill. 115; *Illinois and St. Louis Railroad Co.* v. *McClintock*, 68 id. 296; *City of Chicago* v. *Palmer*, 93 id. 125.

In the two cases last cited it appeared that the party making the condemnation had taken possession of the property condemned. Where, however, the owner remains in possession, and has the use of the property, such use and occupancy are deemed an equivalent for interest. *South Park Commissioners* v. *Dunlevy*, 91 Ill. 48.

And where the location of the improvement may be rightfully abandoned by the party making the condemnation, and the owner has not been disturbed in his possession, execution will not be awarded to collect the compensation allowed, nor in such cases will interest be allowed. But the park commissioners had no right to abandon proceedings of this kind. *St. Louis and Southeastern Ry. Co.* v. *Teters*, 68 Ill. 144. It was the duty of the park commissioners, upon such judg-

ment of condemnation, at once to pay either to the owners of the land, or into court for their use, the amount of the award. Section 13 of said act of February 27, 1869, provides as follows: "From the funds derived from said assessment (referring to the assessment of benefits), and from the other funds of the said board applicable to such purpose, the said board shall pay to the parties entitled thereto the amounts respectively due them." Section 6 of the said act of April 19, 1869, gives to the park commissioners authority to borrow money to any amount necessary to pay said assessments.

Mr. GEO. W. SMITH, for the defendants in error:

The rights of the parties were settled by the decree of July 25, 1870, and the subsequent acts of the commissioners do not afford a basis of claim to plaintiff in error.

Interest is not recoverable, unless the land has actually been appropriated. *South Park Commissioners* v. *Dunlevy*, 91 Ill. 49; *Cook* v. *South Park Commissioners*, 61 id. 115; *St. Louis and Southeastern Ry. Co.* v. *Teters*, 68 id. 144; *Chicago* v. *Barbian*, 80 id. 482; *Chicago* v. *Allcock*, 86 id. 384; *Chicago* v. *Palmer*, 93 id. 125.

The plaintiff had neither a legal nor equitable claim for interest. If the money had been paid into court, it could not have been withdrawn by the plaintiff. The title was in litigation until the latter part of 1875, and Elizabeth Beveridge had no interest in the land until 1876.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error, Andrew M. Beveridge, claimed to be the owner of the real estate out of which this controversy arises, and about the 25th of July, 1870, in a proceeding previously instituted by the Board of Park Commissioners of South Chicago to condemn this and other lands for a boulevard, and on that day, the circuit court of Cook county rendered a judgment approving and confirming the proceedings condemning

the land. The judgment provides, that when the money assessed as damages shall be paid by the commissioners, or deposited in court, the title shall vest in the commissioners. The money was never deposited in court, nor was it ever paid to plaintiff in error until the 28th day of November, 1879, and then only the principal, without interest; but he reserved the right to sue for and collect interest, if entitled thereto. The judgment or order approving and confirming the condemnation has never been reversed, altered, or in any manner modified, but has remained in full force. The property was vacant, unimproved and unoccupied when it was condemned, and has so remained ever since. It is city property, and not farming lands. It appears that plaintiff in error never demanded the money until the 4th of January, 1876, nor did the park commissioners take possession or assume any' control over the property until they paid the principal sum assessed for damages. After the assessment of damages was confirmed by the court the property has never been assessed for taxation.

On these facts plaintiff in error claims that he is entitled to recover interest on the $9924.24 assessed as the damages his property sustained, from the time of the confirmation. Defendant in error resists the claim, and the circuit court, on a trial, rendered a judgment in favor of defendant, and plaintiff prosecuted error from the Appellate Court. On a trial in that court the judgment of the circuit court was affirmed, and plaintiff brings the case to this court on error.

It has been held that the order affirming the assessment of damages is a judgment,—that it is a final determination of the disputed facts and law of the case. Until reversed or otherwise impeached it is conclusive on the parties as to the questions involved. *Cook* v. *South Park Commissioners*, 61 Ill. 115. It is true that an execution can not issue as on an ordinary judgment, but there are other means of having execution; and where the condemnation has been confirmed,

and the land appropriated to the use of the public by taking possession of the property condemned, it has been held that such a judgment will draw interest.

But it is urged that there is a broad and clear distinction between those cases and this, as the park commissioners did not enter into possession or exercise any control over the property before they paid the amount of damages assessed. On the other hand it is claimed, that as the judgment was final and conclusive, plaintiff in error was deprived of all beneficial use of his property, not being able to sell it and have the use of the money, nor being able to improve it so as to render it productive, he should have interest on the judgment,—that being deprived of its use, the park commissioners were virtually in possession, as it was the same to him in effect as if they had entered into possession when the judgment was rendered.

This case is different in its facts from the previous cases in this court, unless it be *Cook* v. *South Park Commissioners, supra.* The land here is shown to have been unoccupied and unproductive, and appellant demanded payment of the damages, thus manifesting an intention not to hold the possession as an equivalent for interest. The demand was made more than five years after the judgment approving the condemnation and assessment of damages. The commissioners were under the legal duty to provide the means and pay the damages within a reasonable time, and failing to do so, they were guilty of a neglect of duty. They should have paid appellant the money before the demand was made, and failing to do so on demand, the commissioners became liable to pay interest. The demand operated as an offer to yield the possession of the property on payment of the money, and failure to pay put them in default. Here the rights of the parties were unalterably fixed. Plaintiff in error could not resume the ownership, nor could the commissioners abandon the property. The commissioners were bound to

pay for the property, and the owner to receive the money and yield possession to the commissioners. They were both under this legal duty, irrevocably fixed by the judgment.

There can not be the slightest pretense that the commissioners have the power to oppress plaintiff in error by postponing payment indefinitely, and thus deprive him of all beneficial use of his property and of the money the law required them to pay to him within a reasonable time. If they may thus deprive him of his rights for nine years, why not for twenty-five years? The law can never tolerate such oppression and wrong, and not afford some compensation for the infliction of the injury.

But it is said plaintiff in error could have resorted to *mandamus* to compel payment. This is an admission that the commissioners were neglecting a plain legal duty, as that writ lies to enforce no other. Can plaintiff in error be answered by saying, we were acting in palpable violation of our duty, but we are not liable to make compensation for the wrong because you did not resort to legal proceedings to compel us to discharge a plain duty? Surely that can be no answer to the claim of plaintiff in error.

But it is said that the case of *South Park Com'rs* v. *Dunlevy*, 91 Ill. 49, is like this, and that interest was there refused. In this there is a misapprehension of the facts. That case was a proceeding to condemn land for park purposes. Interest was there claimed on the value of the land from the date of the filing of the petition. It was, of course, denied, because until the damages were assessed there was nothing to draw interest. Land owned by Dunlevy not taken, condemned or appropriated for park purposes was incapable of bearing interest. He had been deprived of no right. The park commissioners had only asked that the property might be condemned and the damages ascertained. But here they had been ascertained, and a judgment of confirmation and a demand made for payment, years before suit

was brought to recover interest.   The two cases are unlike. This case is like the case of *Cook* v. *Park Com'rs, supra.*

In the case of *Cook* v. *Park Com'rs, supra,* interest was allowed on the amount of damages after they were ascertained, and confirmed by the court.   The cases of the *Illinois and St. Louis Railroad Co.* v. *McClintock*, 68 Ill. 296, *City of Chicago* v. *Barbian,* 80 id. 482, and *City of Chicago* v. *Palmer*, 93 id. 125, are cases where the judgment was not final and binding on the party seeking condemnation, as the corporate body had the legal right to abandon the proceeding and refuse to take the property.   But in this class of cases the commissioners have no right to refuse to accept the property and pay the damages, either into court or to the owner.   These last cases, therefore, have no controlling bearing on this case. But in this case the property was in litigation for several years after the judgment for damages, and until about a year previous to the demand, and until that litigation was determined the park commissioners could not certainly know to whom to pay the damages, and in such a case they should not be required to pay interest until the litigation was ended; but when he made the demand after it was ended, they then knew he was entitled to receive the money, and they were put in default by the demand.   We are therefore of opinion that plaintiff in error is entitled to recover interest on the amount recovered as damages, from the date the demand was made, to be computed as in other cases.

The circuit and Appellate courts erred in refusing to allow the recovery of such interest, and the judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*