JAMES M. BOOKER

*v.*

THE VENICE AND CARONDELET RAILWAY COMPANY.

*Filed at Mt. Vernon January 18, 1882.*

1. RIGHT OF WAY—*sufficiency of petition as to inability to agree with owner.* An allegation in a petition by a railway company to condemn land for a right of way, that the petitioner "has not been able to acquire the title, nor the right of way over the land, by purchase or by voluntary grant from" the defendants, though not formal, is substantially sufficient under the statute, as showing an inability to agree as to the compensation to be paid.

2. SAME—*as to condemning strip exceeding one hundred feet in width for right of way of railroad—waiver of objection.* A judgment condemning a strip of land one hundred and twenty feet wide for a right of way for a railway will not be reversed because the land condemned exceeds one hundred feet in width, where it does not appear from the record that the additional twenty feet was not necessary, by the pleadings, and no such objection was raised before the court below, either by demurrer or reasons assigned in arrest of judgment. The objection not being made below, must be considered as waived.

3. SAME—*measure of compensation to lessee of premises.* In a proceeding to condemn land for a right of way, the jury allowed a lessee of the land taken, whose lease had three years to run, the amount of rent he was to pay per acre for the whole term, as to the land condemned, while he contended that for gardening purpose it might yield much more. There was no proof that it would be used for such purpose, and no other damages shown, and it appeared that the lessee had the option of terminating the lease at any time: *Held,* that the verdict would not be set aside as against the evidence, and that future profits of the land taken were too uncertain to be depended upon as a measure of damages.

APPEAL from the County Court of St. Clair county; the Hon. F. H. PIEPER, Judge, presiding.

Mr. FRANK B. BOWMAN, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The Venice and Carondelet Railway Company presented a petition to the county judge of St. Clair county, in vacation, for the purpose of condemning the right of way on which to construct its track over certain lands in that county. The lands are specifically described by metes and bounds. They are alleged to belong to John B. Bowman, and that James M. Booker claims a possessory right in one of the lots, which it is alleged will continue until the first day of September, 1881. It is alleged that the company was not able to acquire the title or the right of way over the premises by purchase or voluntary grant from Booker or Bowman. The petition prays for a summons, and that the damages be ascertained

according to law.    The county judge indorsed an order for
a summons, and fixed the time for a hearing on the 24th of
June, 1881, and the same was filed on the 10th of that
month, and a summons was issued, returnable as ordered.
The sheriff returned that he had served Booker on the
eleventh, and Bowman on the fifteenth of the month.    Booker
filed an answer, in which he denies all of the allegations in
the petition, except that he has an interest in lot 47 of
Cahokia commons.    He alleges that he holds a written lease
for the same, dated March the 1st, 1880, for the term of five
years; that he is residing thereon, and claims that the tak-
ing of the right of way will damage him $1000.  A hear-
ing was had as to Booker on the day set for trial, but as to
Bowman the cause was continued until the 27th of the
month.    The jury assessed the damages sustained by Booker
at $70.    Motions for a new trial and in arrest of judgment
were entered, but overruled by the court, and a judgment
that petitioner might enter on paying the $70.    An appeal
was prayed and granted, and the record is brought to this
court, and errors assigned by appellant.

It is insisted, that this being a statutory proceeding,
according to uniform authority every requirement of the
statute must appear by the record to have been pursued, and
nothing can be presumed in its favor; that under this rule
the petition is fatally defective in failing to allege that the
compensation to be paid for or in respect of the property
sought to be appropriated or damaged for such purpose,
could not be agreed upon by the parties; that this is the
requirement of the statute, and an inability to agree upon
the compensation to be made for the damages sustained, is
indispensable to give the court jurisdiction of the subject
matter of the dispute; that the allegation that petitioner
"has not been able to acquire the title, nor the right of way
over the land, by purchase or by voluntary grant, from said
Bowman or Booker," is not a sufficient compliance with this

requirement of the statute. We do not understand that strictness requires the averment to be in the precise language of the statute. Any allegation that is equivalent is all that strictness requires. From this allegation there can be no other inference than that the effort had been made, and the compensation could not be agreed upon by the parties. If it had, then the company would then have been able to acquire the right of way by purchase. Had the compensation been agreed upon, that would have been to purchase the right; if an agreement had been reached that the company should have the right of way without compensation, that would have rendered the proceeding unnecessary; but such an agreement is negatived by the allegation. The averment necessarily implies that an effort had been made, and that an agreement for compensation could not be arrived at by the parties, and they were unable to agree that damages should be waived. We regard the allegation, although not formal, as being in substance sufficient.

It is next urged, that the condemnation was of a strip 120 feet wide, when the statute only authorizes a strip of 100 feet in width to be condemned for right of way, and the petition proceeds for right of way, and the proceeding must be confined to the petition. The 20th section of chapter 114 authorizes the condemnation of 100 feet for right of way, and a greater width, when necessary, for cutting or filling, and it does not appear that the additional 20 feet were not necessary for that purpose. Again, no such objection was raised by demurrer, or on the motion in arrest of judgment. This objection is not found in the reasons assigned for arrest of judgment, and it must be considered as waived, and can not be urged for the first time in this court.

It is urged that the company failed to prove that the parties had been unable to agree upon the compensation for the damages arising from the appropriation of the strip for right of way. Westerman, the engineer of the road, testified,

that he tried to purchase the strip for the railway company from Booker, but they had been unable to agree. This evidence was, we think, sufficient to prove that the parties were unable to agree upon the compensation that should be made.

It is claimed that the jury found against the evidence in assessing the damages. It seems they allowed appellant the sum per acre that he agreed to pay his landlord as rent for the ground. There were about three and a half acres, and the lease had three years to run, and there were witnesses who testified that for gardening purposes each acre would net $25. It is a complete answer to say there is no evidence that it would be used for such purpose, nor that it could be rented for such a price for that purpose. Again, the lessee had the option of terminating the lease as to any portion, or all, of the premises, at any time he might choose, by paying Bowman $4 an acre; and all know that all theories about the production of the soil depend on so many contingencies, that future profits are uncertain, and can not be depended upon as a measure of damages. These were, all of them, considerations for the jury, and they seem very properly to have allowed him simply the amount of rent he was liable to pay his landlord. It is said, they should have allowed him other damages he sustained. It is enough to say, none other were proved.

We perceive no error for which the judgment should be reversed, and it is affirmed.

*Judgment affirmed.*