## JOHN B. BOWMAN

*v.*

## THE VENICE AND CARONDELET RAILWAY COMPANY.

*Filed at Mt. Vernon January 18, 1882—Rehearing denied May Term, 1882.*

1. EMINENT DOMAIN—*jurisdiction in proceeding to condemn for right of way—continuance.* Where service is had upon the land owner, but not ten days before the day set by the judge for the hearing of a petition presented in vacation to condemn land for a right of way, the service, though not in time for the purposes of a trial, will give the court jurisdiction of the person of the defendant, and the petition gives jurisdiction of the subject matter and of the person of the petitioner, and the court will have the power to continue the cause, and such a continuance will not abate the proceeding.

2. STATUTORY PROCEEDING—*of the degree of strictness required.* The rule which requires great strictness in a statutory proceeding, has application only in summary and *ex parte* cases, where the person whose rights are to be affected is not a party. It is not enough, to require the rigid rules of strictness, merely that the proceeding is a statutory one. The rule does not apply to a proceeding to condemn land for right of way, under the statute.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. F. H. PIEPER, Judge, presiding.

Mr. FRANK B. BOWMAN, for the plaintiff in error.

Messrs. G. & G. A. KŒRNER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application to the county judge of St. Clair county, in vacation, for the purpose of inaugurating proceedings for the condemnation of a strip of ground as a right of way. The petition was presented on the 10th of June, 1881, and the judge indorsed thereon an order for a summons, returnable on the 24th of that month. It was returned served, on Booker, a co-defendant, on the 11th, and on plaintiff in error on the 15th of the month. On the day set for trial Booker appeared, and as to him a trial was had; but

plaintiff in error failed to appear, and the case was continued, as to him, until the 27th, at which time there was a trial in his absence, the jury assessing the damages for the right of way in his favor, at $50, on which there was rendered the usual statutory judgment.    Afterwards, on the 7th of July, plaintiff in error went before the county judge, and moved, for various reasons, to set aside and vacate all of the proceedings in the case, but the motion was denied.    He thereupon brings the case to this court on error, and urges a reversal.

The principal point relied on for a reversal is, that this being a special statutory proceeding requiring strict compliance with its provisions, inasmuch as plaintiff in error was not served with process ten, but only nine, days before the return day, the court never acquired jurisdiction of the person of plaintiff in error, and as to him the proceeding abated, and no further steps could be taken against him until a new petition was filed and new service had on him.    It is claimed that there is no law authorizing a continuance in such a case, because service is not had in time.

It will no doubt be conceded that had the proceedings been in term time a continuance might have been had.    But the question is, whether it may in vacation.    There would seem to be a necessity that there should be, to prevent great and useless delays.    In fact, the statute manifestly contemplates continuances under some circumstances.    The fifth section of the Eminent Domain act in terms permits amendments; and when necessary, at any stage of the proceedings, to bring new parties into the case, the court or judge shall have power to make such rule or order as shall be reasonable and proper, and power to make all necessary rules and orders for notice of the pendency of the proceeding; to issue all process necessary to the execution of orders or judgments, as they may be entered.    Many amendments must, of necessity, require continuances, and in a large number, if not a

majority, of cases, when a new party is brought into the case a continuance is necessary to procure service on the new party. If a jury can not be impanneled on the day set for trial, there must of necessity be a continuance over, and so, if a Sunday intervenes before the close of the case. In all of these and other cases a continuance is required, and the law sanctions it, that the administration of justice may not be defeated. Plaintiff in error was fully notified of the pendency of the proceeding, and its purpose, and he must have known that his co-defendant was served in time, and the notice to him would have been no more complete in a new proceeding than in that. A new proceeding and service would therefore have served no useful purpose. He should have obeyed the summons, or at least learned what order the judge had made as to him. There was the same necessity for a continuance in this as in other cases. It surely will not be contended that when an amendment or a new party is made that the proceeding shall abate, and the proceeding commence anew. To so hold would be to defeat the purpose of the statute. It would be as reasonable to hold that because service had not been had in time, the power of the court or judge over the matter had been exhausted, and no new proceeding could be inaugurated, as to hold that because the service was not in time the power was lost in that case. Had it been so treated, and the petition refiled and new process issued and served, on the same principle we should have found plaintiff in error contending the statute had not authorized such a course, claiming that the statute had only authorized a petition to be once filed, or a case to be but once commenced, whatever its fate. Such a position would be equally plausible, but as unfounded. The service, although not in time, gave the tribunal jurisdiction of the person, and the petition that of the subject matter and of the petitioner, and the court had ample power, and did not err in continuing the case as it did.

But it is urged with earnestness, that this being a statutory proceeding, great strictness is required. It is true it is a statutory proceeding, but it is not a summary *ex parte* proceeding, where the parties whose rights are to be affected have no opportunity to be heard. Applications for partition of lands, and the assignment of dower, and the action of replevin, are statutory, and yet no one thinks of insisting upon the strictness that is applied to *ex parte* proceedings. The fact that a proceeding is statutory is not enough to require the application of the rigid rules of strictness, but it only applies in summary and *ex parte* cases, where the person whose rights are to be affected is not a party. Such is not the case here, as owners and those having an interest are required not only to be made parties, but to be served with process.

The other questions urged were considered and determined in the case of *Booker* v. *Venice and Carondelet Railway Co.* 101 Ill. 333. Their discussion is, therefore, unnecessary in this case.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*