## IDA FRIDA MOLL, EXRX.

### *v.*

## THE SANITARY DISTRICT OF CHICAGO.

*Opinion filed October 23, 1907.*

1. EMINENT DOMAIN—*judgment in favor of property owner, on appeal, is conclusive of his right to interest.* A judgment in favor of the property owner on appeal from a condemnation judgment is conclusive of his right to reject the tender of the amount awarded by the judgment and of his right to recover interest upon the full value of the property taken, from the time he was deprived of it.

2. SAME—*interest on value of property taken must be claimed as damages on the second trial.* Where a condemnation judgment is reversed upon appeal by the property owner, his right to interest, upon the full value of the property taken, from the time he was deprived of its possession, must be presented to the jury as an additional element of compensation upon the second trial, and he is not entitled to maintain a separate suit therefor after judgment in the second trial.

3. SAME—*interest on value of property taken may be allowed on second trial without amendment of pleadings.* Where a condemnation judgment is reversed upon appeal by the property owner, no amendment of the pleadings or filing of a cross-petition is necessary to enable the property owner, upon the second trial, to prove the taking of possession of the land by the petitioner and the consequent additional element of compensation to the property owner, consisting of interest on the full value of the property from the time he was deprived of its possession.

4. PLEADING—*when count in trespass is not open to general demurrer.* A count alleging that the defendant took possession of certain land of the plaintiff and damaged the same to the extent of its total value by digging a channel through the center thereof and covering the remainder with broken rock is substantially a good count in trespass to real estate and is not open to general demurrer.

5. PARTIES—*when court cannot substitute executrix—right of executrix to sue out writ of error.* Upon the death of the plaintiff, nearly five years after judgment was rendered against him, the trial court is without jurisdiction to make an order, on motion, substituting the deceased's executrix as the party plaintiff; but the executrix succeeds to the rights of the deceased and may sue out a writ of error in her own name, as executrix, to review the judgment.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Carl Moll brought this action against the defendant in error in the circuit court of Cook county. A demurrer was sustained to the declaration and a judgment rendered in favor of defendant, which, upon a writ of error sued out by his executrix, has been affirmed by the Appellate Court. The executrix has sued out this writ of error to reverse the judgment of the Appellate Court.

The first count of the declaration alleges that the defendant, on July 14, 1892, began proceedings in the circuit court of DuPage county for the condemnation of certain lands of the plaintiff, which resulted in a judgment giving the defendant the right to the possession of said lands upon depositing for the benefit of the plaintiff $6000, the damages awarded by the jury; that the defendant deposited said sum and on October 1, 1892, took and still retains possession of said land; that upon the appeal of plaintiff the judgment was reversed, and on another trial, after a continuance as to a part of said lands, plaintiff's damages for the remaining part were assessed at $20,312.80, no amendment having been made to the petition and no cross-petition having been filed and the evidence having been confined to the value of the property on July 14, 1892. On September 29, 1905, the court entered judgment in favor of the plaintiff for the amount of the verdict, with interest from its date only, and the plaintiff moved for the allowance of interest from the date of the former judgment, but the court denied the motion.

The second count alleges the same condemnation proceedings as in the first count and a trial in regard to the land as to which the continuance was had, and that plaintiff's damages were assessed at $5250. The proceedings al-

leged in this count and the first are identical, except that
no motion is alleged in this count to have been made for
the allowance of interest.    The plaintiff claims $2789.56
under the first count and $778.75 under the second.

The third count claims $3568.31, alleging that the de-
fendant, on October 1, 1892, took possession of all the be-
fore described property of the plaintiff and damaged the
same to the extent of its total value by digging a channel
through the center thereof and covering the remainder with
debris of broken rock taken from the channel.

ELLIS S. CHESBROUGH, for plaintiff in error.

JOHN C. WILLIAMS, (A. G. ANDERSON, of counsel,) for
defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff was deprived of his property, without any
compensation for the use thereof, from the time the defend-
ant took possession until the final award fixing his damages.
He could not accept the $6000 deposited without waiving
his appeal.    If his appeal had been unsuccessful he would
not have been entitled to interest, for he ought to have ac-
cepted the amount awarded.    But the judgment in his favor
on the appeal is conclusive of his right to reject the tender,
and it is clear that he was entitled to interest upon the full
value of the property taken by the defendant from the time
the latter took possession.    *Beveridge* v. *West Chicago Park
Comrs.* 100 Ill. 75; *Cook* v. *South Park Comrs.* 61 id. 115;
*Phillips* v. *South Park Comrs.* 119 id. 626.

But the claim for interest ought to have been submitted
to the juries empaneled to fix the plaintiff's compensation
and included in their award.    The value of the property is
to be fixed as of the date of filing the petition.    (*Sanitary
District* v. *Chapin,* 226 Ill. 499; *Cook* v. *South Park Comrs.*
61 id. 115; *South Park Comrs.* v. *Dunlevy,* 91 id. 49.)

The proceeding is a summary one and the statute contemplates a speedy trial, authorizing the proceedings to be carried on in vacation as well as term time, thus obviating the inconvenience and loss often arising from the ordinary delays of litigation conducted only in term time. (*Booker* v. *Venice and Carondelet Railway Co.* 101 Ill. 333; *Leibengut* v. *Louisville, New Albany and St. Louis Railway Co.* 103 id. 431; *Sanitary District* v. *Chapin, supra.*) In this case an unusual delay occurred on account of the appeal. The trial occurred with reasonable promptness, and if the damages had then been properly assessed and paid the plaintiff would have received promptly just compensation. But in order to secure a fair and legal assessment he was compelled to appeal, and in the meantime the petitioner took possession of his property and held it for three years. Thus, when the cause came on to be tried after the determination of the appeal, there was an additional element of damages which was not included in the first trial,—the deprivation of the use of the plaintiff's property during the pendency of his appeal. Not only was his property taken, but for three years he was deprived of its use. The jury were empaneled, not to assess the value of the property taken or damaged, but, in the language of the oath required by the statute to be administered, "to well and truly ascertain and report just compensation to the owner of the property which it is sought to take or damage, * * * according to the facts in the case as the same may be made to appear by the evidence." This just compensation, according to the facts in this case, included not only the value of the property at the time of the filing of the petition, but the use of the property from the time the petitioner took possession, measured by the interest for that time on the value of the property as found by the jury.

In *Atlantic and Great Western Railway Co.* v. *Koblentz,* 21 Ohio St. 334, an appeal was taken by the petitioner and the amount of the award paid into court. After reversal

another trial was had, resulting in an award for an amount less than the first assessment, but the jury added to the value of the land and the damages, interest from the time the petitioner took possession. The court, in affirming the judgment, said: "We see no error in this proceeding. Where private property is taken by the public for its use, the constitution guarantees to the owner a full compensation. To take the property and deposit the compensation in the hands of a public officer, where the owner cannot reach it, is to deprive the owner of the use of his property without giving him the use of the compensation. It is to take from him the use of his property without any compensation. In the light of this constitutional provision the real parties to the transaction are the public on the one hand and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld in the hands of one of its own officers after the property is taken. This, of course, necessitates a loss to some one of the interest on that compensation. It is not just that the loss should be cast upon the owner. The law by which the loss is occasioned is no act of his but an act of the public, and he has no power to repeal or modify it so as to avoid the loss. He is compelled to be passive, and can only insist, as he does in this case, that compensation for his property taken by the public shall either be paid at the time it is taken, or paid with interest, or with an allowance for the use of the property during the time it is withheld."

No amendment of the petition was necessary to enable proof to be made of the taking possession of the land. The prayer of the petition, as provided in the statute, was to cause the just compensation to be paid to the owner to be assessed, and this the jury were sworn to do according to the facts in the case as they should be made to appear. No cross-petition was necessary because no damages were claimed to any property other than that described in the

petition. The interest was an element of compensation which the plaintiff had a right to present on that hearing, and not having done so, he cannot maintain a separate suit for it. *Hayes* v. *Chicago, Milwaukee and St. Paul Railway Co.* 64 Iowa, 753.

The demurrer was properly sustained to the first two counts. But the third count is substantially a good count in trespass to real estate. It is informal and bad on special demurrer, but it charges that defendant entered and took possession of plaintiff's land, dug a channel through the center thereof and covered the remainder with broken rock. For such damage the defendant was liable to be sued in either DuPage or Cook county. 2 Starr & Cur. Stat. sec. 19, p. 1496.

The circuit court, after the death of Carl Moll and nearly five years after the judgment was rendered, made an order substituting his executrix as plaintiff, and a motion is made to dismiss the writ of error because she was not a party to the original suit. The court had no jurisdiction to make this order. The writ of error was, however, properly sued out of the Appellate Court by the executrix, who succeeded to the rights of her testator.

For error in sustaining the demurrer to the third count of the declaration the judgment will be reversed and the cause remanded to the circuit court of Cook county.

*Reversed, and remanded.*