John August Johnson, Appellee, v. Sanitary District of Rockford, Appellant.

Gen. No. 8,511.

Opinion filed February 23, 1933.

GARRETT & FELL, for appellant.

NORTH, LINSCOTT, GIBBONEY & NORTH, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

John August Johnson, appellee, brought an action of assumpsit against the appellant, the Sanitary District of Rockford, Illinois, a municipal corporation, in the circuit court of Winnebago county. The declaration consisted of a special count, and also the common counts, alleging the amount due from the defendant to be the sum of $504.16. It was claimed that this amount was due the plaintiff for interest on an award that had been granted the plaintiff in an eminent domain proceeding in which the Sanitary District of Rockford had taken property belonging to the plaintiff. The pleadings were settled by agreement of both parties, a jury was waived and the case submitted to the court for a hearing.

The facts in the case are not in dispute, and the case was submitted to the trial court on the following stipulation: "It is hereby stipulated and agreed by and between John August Johnson, the above named plaintiff, By C. H. Linscott, his attorney, and the Sanitary District of Rockford, the above named defendant, by Bruce H. Garrett, its attorney, as follows:

"That said defendant heretofore filed its petition in the County Court of Winnebago County, Illinois, to condemn certain lands belonging to the above named plaintiff to be used for certain purposes in connection with the business of the said defendant and that on the 9th day of January, A. D., 1930, a judgment was en-

tered in the County Court of said Winnebago County in said condemnation suit for said plaintiff and against said defendant for the sum of sixteen thousand five hundred dollars ($16,500.00).

"That thereupon and therefrom an appeal was taken by the said plaintiff in the said cause to the Supreme Court of the State of Illinois and at the February Term of said Supreme Court, A. D., 1931, the judgment of the County Court of said Winnebago County was affirmed, and pending said appeal by said plaintiff of said judgment to the Supreme Court of the State of Illinois on, to wit, July 28, 1930, said defendant took possession of said lands condemned as aforesaid, after having filed its bond in the sum of thirty-three thousand dollars ($33,000.00), all according to the Statutes of the State of Illinois, made and provided.

"It is further stipulated by and between said parties that on, to wit, the 7th day of March A. D., 1931, said defendant paid to said plaintiff said sum of sixteen thousand five hundred dollars ($16,500.00) agreeing at the time that the payment of said sum by the defendant and⁰ the acceptance of the same by the plaintiff should not be held or construed by either of the parties to be a waiver of any interest on said judgment of sixteen thousand five hundred dollars ($16,500.00) from and after the time that the said defendant took possession of said lands up to the time of the payment of the said amount by said defendant to said plaintiff.

"It is further stipulated by and between said parties that said defendant had possession of said lands as aforesaid and did not pay to said plaintiff either rent for said lands or interest on said judgment and that the said defendant has at all times refused to pay interest on said judgment or rent for said lands as aforesaid, and still refuses to pay said interest.

"Dated Rockford, Illinois, this.........day of December, A. D., 1931.

"North, Linscott, Gibboney & North,
Attorneys for John August Johnson.
Bruce H. Garrett, Attorney for Sanitary
District of Rockford."

The court found for the plaintiff (appellee) and against the defendant (appellant) in the sum of $501.88, being the interest at the rate of five per cent on said judgment on the sum of $16,500, from July 28, 1930, to and including March 7, 1931. This amount of interest was on the said sum from the date that said appellant took possession of said land until the date of the payment of the judgment.

It is shown by the stipulation that the Sanitary District of Rockford filed its petition in the county court of Winnebago county and demanded certain lands belonging to the appellee to be used for a certain purpose in connection with the business of said appellant; that on the 9th day of January, 1930, the judgment was entered in said county court of Winnebago county in said condemnation proceedings against the defendant for the sum of $16,500.

From this judgment an appeal was taken by the appellee to the Supreme Court of the State of Illinois. At the February Term, 1931, of the Supreme Court, the judgment of the county court of Winnebago county was affirmed. During the period from January 9, 1930, the date that the judgment was entered in said county court and the time said judgment of said county court was affirmed by the Supreme Court in February, 1931, the said appellant filed its bond in the sum of $33,000 according to the statute of the State of Illinois, and took possession of the land described in said cause. The said judgment was paid by the appellant to the appellee in the sum of $16,500, on the 7th day of March, 1931.

The only question involved is: "Was the judgment in the County Court of Winnebago County such a judgment as would under the Statute draw interest from the day the judgment was rendered until the time the judgment was paid?" Paragraph 3, ch. 74, Cahill's Illinois Revised Statutes, 1931, provides: "Judgments recovered before any court or magistrate shall draw interest at the rate of five (5) per centum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered, to the time of rendering judgment upon the same, and made a part of the judgment."

It will be noticed in this case that the court allowed interest from the date that the appellant took possession of the property until the date that it actually paid the award. In the case of the *University of Chicago v. Chicago,* 258 Ill. App. 189, the court in passing upon the same question made an exhaustive review of all the cases relating to payment of interest on judgments, and on page 196 say: "A judgment for compensation entered in a proceeding to condemn property under that act, is by the provisions of the act conditional and not final, and that as the same has been consistently construed by this and the Supreme Court of the State, a judgment entered pursuant thereto does not draw interest until the condemnor takes possession of the property." See also *Cook v. South Park Commissioners,* 61 Ill. 115, in which the court say: "We think that interest should be allowed upon judgments, when final, in proceedings of this character. They are within the spirit, if not the terms, of the statute which allows interest upon all judgments recovered."

In the case of *Moll v. Sanitary Dist. of Chicago,* 228 Ill. 633, the court, in quoting briefly from an Ohio case, quotes as follows: "We see no error in this

proceeding. Where private property is taken by the public for its use, the constitution guarantees to the owner a full compensation. To take the property and deposit the compensation in the hands of a public officer, where the owner cannot reach it, is to deprive the owner of the use of his property without giving him the use of the compensation. It is to take from him the use of his property without any compensation. In the light of this constitutional provision the real parties to the transaction are the public on the one hand and the owner of the property on the other. By its laws the public has authorized the corporation, as its agent, to take the property, and has provided that the compensation shall be withheld in the hands of one of its own officers after the property is taken. This, of course, necessitates a loss to some one of the interest on that compensation. It is not just that the loss should be cast upon the owner. The law by which the loss is occasioned is no act of his, but an act of the public, and he has no power to repeal or modify it so as to avoid the loss. He is compelled to be passive, and can only insist, as he does in this case, that compensation for his property taken by the public shall either be paid at the time it is taken, or paid with interest, or with an allowance for the use of the property during the time it is withheld.''

We do not think it is sufficient for the appellant to say that because the appellee appealed the case, it put it beyond the power of appellant to pay the sum of money that had been awarded as damages to the appellee. The appellee had a right to appeal from the decision of the county court. It was the right given him by law, and the mere fact that he prosecuted his appeal, as he was entitled to do under the law, should not prevent him from recovering interest when the appellant entered and took possession of the property and exercised its right of ownership over the same.

All of the cases to which our attention has been called where this question has been alluded to seem to hold that the owner of the land is entitled to interest on the judgment awarded in any condemnation proceeding from the time that the condemnor takes possession of the premises until the amount of the judgment is paid.

In view of the law as we understand it, and the facts as disclosed by the stipulation in this case, we are of the opinion that the judgment of the circuit court of Winnebago county was correct, and the judgment is therefore hereby affirmed.

*Judgment affirmed.*