QUALITY MOLDING COMPANY, a corporation, Plaintiff-Appellee,

v.

AMERICAN NATIONAL FIRE INSURANCE COMPANY, et al., Defendants-Appellants.

No. 13102.

United States Court of Appeals
Seventh Circuit.

Feb. 20, 1961.

Rehearing Denied April 5, 1961.

John P. Gorman, Jerome H. Torshen, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendants-appellants.

Alvin G. Hubbard, Reese Hubbard, Chicago, Ill. (Hubbard, Hubbard & Dorgan, Chicago, Ill., of counsel), for plaintiff-appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

The point at issue on this appeal is whether the defendant insurance companies are required to pay interest on the

**314**

judgment against them from the date of the judgment to the date of satisfaction thereof. Defendants insist they were prevented from making an earlier payment of the judgment because plaintiff, dissatisfied with the judgment which it obtained, appealed (unsuccessfully) to this Court.

Plaintiff sued in the Municipal Court of Chicago on twelve fire insurance policies with business interruption forms affixed. Ten defendants removed their cases to the United States District Court. By stipulation, the result which would finally be reached in the cases so removed, would govern the disposition of the two cases which have not been removed. The cases were consolidated and were tried in the United States District Court before a jury which rendered a verdict in favor of plaintiff in the sum of $52,-497.15. Plaintiff filed a motion for a new trial claiming the verdict was grossly inadequate. The motion was denied. On appeal, we affirmed. Quality Molding Company v. American National Fire Insurance Co., 7 Cir., 272 F.2d 779.

The original judgment was entered on January 30, 1959. The pro rata liability of each defendant was calculated by the Court prior to the entry of the judgment. The judgment order contained the amount due and owing to plaintiff from each defendant together with interest of 5 percent per annum from and after January 30, 1959. Plaintiff's motion for a new trial was filed on February 9, 1959.

On February 16, 1959, defendants' counsel mailed to counsel for plaintiff, sight drafts from each of the defendants in the amount of the judgments assessed against them. Defendants' counsel also mailed a check for $145.83 covering interest on the entire judgment from the date of the judgment to February 19, 1959. Defendants' counsel also offered to pay plaintiff's costs upon being advised as to the amount. Defendants' counsel included with the drafts and check, a general release covering each policy, a satisfaction of judgment and a stipulation as to the two suits then pending in the Municipal Court of Chicago.

The following day, plaintiff's counsel returned all of the drafts and the check, refusing to accept them in satisfaction of the judgment. Plaintiff's motion for a new trial was denied, and the appeal to this Court followed.

A few days after our mandate was filed in the District Court, defendants' counsel again wrote to counsel for plaintiff asking whether plaintiff would now accept the drafts and check tendered to it on February 16, 1959. On February 9, 1960, plaintiff taxed costs in the amount of $390. These costs have been paid by defendants without objection.

On February 10, 1960, without further communication with counsel for the insurers, plaintiff's counsel caused the Clerk of the District Court to issue writs of *fieri facias* against each of the defendants, directing the Marshal to levy against each of the individual defendants the total amount of the judgment and interest thereon from January 30, 1959, together with costs. Thereafter, defendants moved the District Court to quash the executions and to order satisfaction of the judgments upon payment of the principal sums specified against each company in the judgment order of January 30, 1959, together with court costs and interest thereon from January 30, 1959 to February 19, 1959.

On June 3, 1960, the District Court quashed the writs of *fieri facias*. However, the Court denied defendant's motion that they not be required to pay interest from February 20, 1959 to March 2, 1960, the period during which plaintiff's unsuccessful appeal was pending.

■■ It is a recognized principle of law in Illinois that interest will not be awarded to a judgment creditor covering the period of its unsuccessful appeal from a judgment in its favor. Kinne v. Duncan, 323 Ill.App. 363, 55 N.E.2d 545. The principle that one causing a delay in the satisfaction of a judgment is not en-

titled to interest thereon is recognized in Illinois. Moll v. Sanitary District of Chicago, 228 Ill. 633, 81 N.E. 1147; 23 I.L.P. Interest § 64. Other jurisdictions have also adopted the principle that a judgment creditor who appeals from a judgment in its favor and attacks the judgment as invalid, is not entitled to interest if it is unsuccessful on its appeal. 47 C.J.S. Interest § 59.

In Kinne v. Duncan, supra, the Illinois court cited and quoted with approval State ex rel. Southern Real Estate & Financial Co. v. City of St. Louis, 234 Mo.App. 209, 115 S.W.2d 513. The Missouri court stated, 115 S.W.2d 515,

"The underlying theory upon which interest is allowed on money judgments is that from the moment of the entry of the judgment the amount thereof is due from the judgment debtor, with the necessary consequence that the latter is thereafter in default until the judgment is satisfied, and is therefore required to pay interest on his debt as compensation for his further retention and use of the judgment creditor's money. But such exaction of interest obviously implies that the judgment creditor is standing upon the amount of the judgment as the amount which is then due him from his judgment debtor, and that any delay in satisfaction of the judgment, as by an appeal therefrom, is solely occasioned by the act of the judgment debtor himself, * * *.

" * * * But where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposition of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court." (Citing cases from various jurisdictions.)

 Under the circumstances of this case, a formal tender was unnecessary. It has been held in Illinois, that a tender is unnecessary where it is known that the tender would be unacceptable. Daven v. Downey, 378 Ill. 543, 39 N.E.2d 45; White v. Thomas, 39 Ill. 227; West Suburban Finance & Thrift Co. v. Herbst, 300 Ill.App. 322, 21 N.E.2d 37.

The only Illinois case relied upon by plaintiff is Johnson v. Sanitary District of Rockford, 269 Ill.App. 429. That case involved a condemnation proceeding in which judgment had been entered in the sum of $16,500. The date of the judgment was January 9, 1930. The Sanitary District entered into possession of the property on July 28, 1930. Johnson appealed contending the award was not sufficient. The Supreme Court affirmed the award and the Sanitary District paid the principal of the judgment on March 7, 1931. On his second appeal, Johnson complained that the Sanitary District refused to pay him either rent for the use of the property after the taking, or interest on his judgment. The Appellate Court allowed interest on the judgment, not from the date of the judgment, but from the date when the Sanitary District took possession of the condemned property. This was in accord with the Illinois constitutional principle requiring just compensation for taking of property for public use. We think the case is inapposite.

In connection with the Johnson case, we note what appears to be a breach of professional ethics on the part of the attorney preparing plaintiff's brief in this Court. He quoted from the Johnson case. The correct quotation, 269 Ill. App. at page 434, is:

"We do not think it is sufficient for the appellant to say that because the appellee appealed the case, it put it beyond the power of appellant to pay the sum of money that had been awarded as damages to the appellee.

The appellee had a right to appeal from the decision of the county court. It was the right given him by law, and the mere fact that he prosecuted his appeal, as he was entitled to do under the law, should not prevent him from recovering interest *when the appellant entered and took possession of the property and exercised its rights of ownership over the same."*

However, the attorney omitted the last nineteen words which we have italicized. Furthermore, he placed a period and quotation marks after the word "interest" where none such appear in the court's opinion.

We would much prefer to think the omission of the all important words was inadvertent. However, counsel for defendants states the same omission was made in the District Court, and the misquotation was specifically called to the attention of plaintiff's counsel in the trial brief which was filed by defendants.

■ A sloppy mistake in a quotation might be at least understandable on the part of a careless attorney. But, a deliberate misquotation calls for strong condemnation. However, we do not initiate disciplinary action in this Court because there is a bare possibility that the fact that counsel's quotation was not correct might not have come to the personal attention of the attorney preparing the brief in this Court.

■ Attorneys whose names are affixed to briefs filed in this Court have a heavy responsibility to see to it that quotations from the opinions of other courts as well as other statements therein are completely accurate.

■ We hold the District Court was in error in denying defendants' motion that they not be required to pay interest from February 20, 1959 to March 2, 1960, the period during which plaintiff's unsuccessful appeal was pending, and directing that defendants pay same.

Reversed.