JOHN D. RICHESON, Plaintiff in Error, *v.* EBENEZER Z. RYAN, Assignee, &c., Defendant in Error.

ERROR TO GALLATIN.

The payment of a judgment, before execution issued, does not operate as a release of errors.

RICHESON brought this cause to this court by writ of error. Ryan filed his plea of release of errors, stating that Richeson had voluntarily paid the judgment against him, to which plea a demurrer was interposed.

J. OLNEY and N. L. FREEMAN, for plaintiff in error.

W. THOMAS, for defendant in error.

TREAT, C. J. Ryan recovered a judgment against Richeson. The latter paid the judgment before an execution issued, and then sued out a writ of error to reverse it. Did the payment operate as a release of errors? If the judgment had been collected by execution, there would not be a doubt of the right of Richeson to prosecute the writ of error. A payment made under such circumstances would be compulsory, and would not preclude him from afterwards reversing the judgment, if erroneous, and then maintaining an action to recover back the amount paid. The payment in question must equally be considered as made under legal compulsion. The judgment fixed the liability of Richeson, and he could only avoid payment by procuring its reversal. He was not bound to wait until payment should be demanded by the sheriff. He was at liberty to pay off the judgment at once, and thereby prevent the accumulation of interest and costs. By so doing, he did not waive his right to remove the record into this court, for the purpose of having the validity of the proceedings tested and determined. The pleas are bad, and the demurrer must be sustained.

*Demurrer sustained.*