WILLIAM J. CHAMBLIN

*v.*

JOHN L. BLAIR *et al.*

58   385
139  294
58   385
158  129

1. PLEA OF RELEASE OF ERRORS—*whether sufficient.* A plea of release of errors, that by reason of a previous agreement between the parties the alleged errors were obviated, should show that the agreement referred to, had reference to the case pending, and such fact failing to appear, as in this case, the plea will be bad on demurrer.

2. REDEMPTION FROM DEED OF TRUST—*legal tender notes.* The act of Congress of February 25, 1862, known as the legal tender act, did not operate to authorize a redemption from a deed of trust which matured before the passage of that act, by payment of United States legal tender notes.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. JAMES HARRIOTT, Judge, presiding.

Mr. B. S. PRETTYMAN, for the plaintiff in error.

Mr. HENRY E. DUMMER, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The question before us now, arises upon a demurrer of plaintiff in error, to a plea of release of errors by the defendants in error.

The nature of the case is seen by reference to *Blair et al.* v. *Chamblin et al.* 39 Ill. 521, in which the several rights of these parties, as to redemption, were disposed of, and the cause remanded to the circuit court. In the judgment of reversal, it was held by this court that Blair should be allowed to redeem the land from the trust deed, executed by Tunison to Wright, and then the property of Chamblin, the appellant here, by paying, on or before the 20th of November, 1866, to Chamblin, or to the master in chancery of Mason county, for his use, the sum of $1,250, with ten per cent interest per annum from the 12th day of January, 1858, to the 12th day of January, 1859, with 25 per cent interest per annum on the whole amount due on the last mentioned day, to the day when the redemption money should be paid by Blair, on or before the 20th of November, 1866; and that when Blair made this payment, the trust deed of Tunison to Wright should be cancelled, and for naught held.

The case being remanded, such proceedings were had, that the master in chancery, on the 16th of November, 1866, reported to the court that Blair had paid him the sum of $4,070 62 in United States treasury notes, as redemption money, and that he executed a certificate of redemption, and that the funds so received as redemption money were all in United States treasury notes, called "greenbacks," and that gold, on the day of redemption, was at 40 per cent above such currency.

Chamblin excepted to this report, on the ground that greenbacks were received at their face value, and not gold; claiming that such notes so received were not sufficient in amount to pay the note and interest, according to its terms.

The court overruled the exceptions and approved the report of the master, and directed him to make a deed to Blair.

To reverse this judgment, Chamblin prosecutes this writ of error, assigning the action of the court, in overruling his exceptions to the master's report, as error.

To this assignment of error, the defendant plead a release of errors, by reason of an agreement containing nine clauses, alleged to have been executed by Chamblin and Blair on the 14th of November, 1867.

We have examined this agreement carefully, every line, section and clause thereof, and are unable to discover that it has the least relevancy to the case before us. This case, involving a right of redemption, is not hinted at in the agreement, but it manifestly has reference alone to an action of ejectment then pending between these parties in the Mason circuit court, and certain other suits then pending in that court, in chancery, in which the widow of Tunison and others were complainants, against Blair and others. If this case had been in contemplation of these parties, it being so important, it would certainly have been mentioned or referred to in some way.

The case mentioned in the agreement as pending, is the case of *Tunison et al.* v. *Blair*, and not the case of *Chamblin et al.* v. *Blair et al.* By the fourth clause of the agreement, the first named case is specially mentioned, and a stipulation referred to as having been entered into for setting it for trial.

This case was pending in this court when the agreement in question was made, and it is inconceivable, if it was intended to embrace it in the agreement, that nothing should appear in the agreement to that effect.

The plea, and all its intendments, must be taken most strongly against the pleader. The court can not incorporate any matter into it which the pleader has omitted, whether by accident or design.

Suppose the plea of a release of errors was traversed, could an allegation, that this suit was included in the agreement, be verified by reference to it? Clearly not.

This case not being embraced in the agreement, the demurrer to the plea of a release of errors must be sustained.

Upon the error assigned on the record, we have said all we desire to say, in the case of *Morrow et al.* v. *Rainey et al. ante,* p 357.

There it was held, that the right of redemption from a sale, under a decree in chancery to foreclose a mortgage, the debt having been created in 1861, and the sale made on the 1st of January, 1862, was not affected by the act of Congress of February 25th, 1862, and on the admission it was a debt, the same having accrued prior to the passage of that act, was not controlled by the provisions of that act, and this on the authority of *Bronson* v. *Rodes,* 7 Wal. 229, and *Butler* v. *Horwitz,* ib. 258, and the subsequent case of *Hepburn* v. *Griswold,* 8 Wal. 603.

Similar views were expressed by this court in *Billings* v. *Riggs,* 56 Ill. 483, on an application for a mandamus to compel a sheriff to make a deed to the purchaser of a tract of land purchased at a tax sale in 1861, the clerk having received legal tender notes on such redemption, this court holding no redemption was effected by such notes.

These notes, when offered to appellant, were at a discount of forty cents on the dollar, and he was not required to receive them. The exceptions to the master's report, on this ground, should have been allowed; overruling them was error, and this is admitted by the plea of release of errors.

For this error, the judgment of the circuit court is reversed.

*Judgment reversed.*