# REUBEN HATCH

*v.*

## AUGUSTUS JACOBSON, Receiver, etc.

*Ottawa, March Term, 1880.*

RELEASE OF ERRORS—*agreement to pay decree.* In a suit in chancery, upon presentation of the decree, which found the defendant liable to pay a certain sum of money, the defendant moved to amend the decree by extending the time for payment, agreeing to pay the money in case further time should be given. The decree was amended accordingly, and so entered. It was *held,* this agreement to pay the amount decreed against the defendant was not to be considered so far voluntary on his part as to operate as a release of errors, if any existed in the proceedings which resulted in the decree fixing his liability.

APPEAL from the Appellate Court for the First District.

This was a suit in chancery, brought in the circuit court by Jacobson, as receiver of the Bank of Chicago, against Hatch, as a shareholder in the bank. A decree was rendered against Hatch for $10,000, which, on his appeal to the Appellate Court, was affirmed. He thereupon appealed to this court.

The certificate of evidence recites that " upon the hearing of this cause the said Hatch moved to amend the decree as presented, by extending the time of the payment of the sum therein found due, from ten to thirty days, and agreed in open court, in case of such amendment, to pay the said sum of $10,000 within said thirty days, under any decree protecting said Hatch from suits at law for the same liability, and thereupon the said amendment was made by the court."

The decree then entered gave to Hatch thirty days within which to pay the money, and declared that this payment " shall be full, final and complete discharge of all liability of the said Hatch as shareholder or otherwise of the said Bank of Chicago, to any and all creditors of said bank,"—and that upon Hatch paying this sum, certain specified creditors

and "all other creditors of said bank shall be perpetually enjoined from further prosecuting said Hatch upon his liability as such stockholder."

The appellee enters his motion to dismiss this appeal, alleging that Hatch was estopped to appeal by reason of the agreements by him made, as recited, and the performance of the conditions upon which he made the agreements.

Messrs. MATTOCKS & MASON, for the motion.

CRAIG, J.: The substance of the agreement made by Hatch was, that if the time for the payment of the money for which the decree found him liable, should be extended, he would pay the amount. He did not agree to waive any error that might have intervened in the proceeding which resulted in that decree;—nor should the agreement to make payment be regarded as so far voluntary as to operate as a release of errors, if any existed. The case of *Richeson* v. *Ryan,* 14 Ill. 74, is quite analogous to this. In that case Ryan recovered a judgment against Richeson. The latter paid the judgment before an execution issued, and then sued out a writ of error to reverse it. The defendant in error pleaded a release of errors, alleging that Richeson had voluntarily paid the judgment against him. In sustaining a demurrer to the plea, the court said: "If the judgment had been collected by execution, there would not be a doubt of the right of Richeson to prosecute the writ of error. A payment made under such circumstances would be compulsory, and would not preclude him from afterwards reversing the judgment, if erroneous, and then maintaining an action to recover back the amount paid. The payment in question must equally be considered as made under legal compulsion. The judgment fixed the liability of Richeson, and he could only avoid payment by procuring its reversal. He was not bound to wait until payment should be demanded by the sheriff. He was at liberty to pay off the judgment at once and thereby prevent the accumulation of interest and costs. By so doing he did not waive his right to

remove the record into this court for the purpose of having the validity of the proceedings tested and determined."

That case was even stronger than the one at bar. Here was a mere promise to pay, which, so far as appears, has not been complied with. There, payment was actually made.

The appellant is not estopped by reason of anything contained in his agreement to pay the amount of the decree, from alleging error in respect thereto. The motion to dismiss the appeal is denied.

*Motion denied.*