GEORGE F. BEARDSLEY

*v.*

CHARLES L. SMITH, Receiver, *et al.*

*Filed at Springfield November 2, 1891.*

1. PRACTICE IN THE SUPREME COURT—*sufficiency of a plea of release of errors.* A writ of error was sued out of this court to reverse the judgment of the Appellate Court, affirming a decree of the circuit court ordering the sale of the property of an insolvent corporation, and the division of the proceeds between certain judgment creditors and the holders of the bonds of the corporation. The defendants in error pleaded that the plaintiff in error, on, etc., at, etc., did release unto the defendants in error all errors in said case affecting him, and agreed upon a sale of the property, and a division of the proceeds thereof, regardless of any and all errors in the record : *Held*, the plea was bad on demurrer, as being too general, and also in failing to state whether the release was by a written instrument or a mere verbal agreement, and in not stating with sufficient definiteness the facts relied on as a release or a consideration therefor, or any facts that would estop the plaintiff. The plea should state the facts relied on as a release.

2. A plea of release of errors in a decree for the sale of land and the distribution of the proceeds, which sets up an agreement for the sale and division of the proceeds, is bad, if it fails to state the terms of the agreement. A mere agreement that the decree shall be executed as entered can neither add to nor detract from its force, and does not constitute a release of errors.

3. A plea of release of errors should state whether the release was by a written or a merely verbal agreement. If in writing, the court can determine, upon inspection, whether it is a valid release, but if the

evidence rests in parol, the issues must be sent to some proper court to be tried.

4.  Such a plea should show that the release of errors was based upon a good consideration, and that there was such a change in the provisions of the decree as works an inconvenience or loss to the defendants in error, or that something has been done under the agreement by which the position of the defendants in error was changed, or by which their rights were affected, or that they accepted the benefit of the decree in such a way as to be estopped from prosecuting the writ of error to reverse it.

5.  A plea of the release of errors and all its intendments will be taken most strongly against the pleader.

6.  SAME—*judgment on sustaining demurrer to plea of release of errors.* Where a plea of release of errors is adjudged bad on demurrer, a judgment of reversal must be entered thereon, whether the errors have been properly assigned or not.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOLFE, for the plaintiff in error.

Mr. J. L. RAY, for the defendants in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill, filed in the Circuit Court of Champaign County by a stockholder of the Champaign Sugar Company, a corporation organized under the laws of Illinois, alleging the insolvency of the Company, etc., and praying for a receiver and for the application of the assets to the payment of the debts, etc. Decree *pro confesso* was entered; a receiver was appointed, and the cause was referred to a special master to take proofs and report as to the liabilities, and order of priority, etc. Intervening petitions were filed by the creditors; testimony was taken and report made as ordered; and a decree was entered upon the report on December 5, 1885. This decree was taken to the Appellate Court for review by appeal, and was by that

Court affirmed in part, and reversed in part; and the cause was remanded to the Circuit Court with directions to modify the said decree. (*McKinley* v. *Smith*, 25 App. Ct. Rep. 168.)

Afterwards on the 27th day of October, 1887, another decree was entered by the Circuit Court, and from this latter decree an appeal was again taken to the Appellate Court by certain of the intervening creditors, including George F. Beardsley, the present plaintiff in error, and one W. B. McKinley, and others. The second decree of October 27, 1887, which was modified as directed, has been affirmed by the Appellate Court. (*McKinley* v. *Smith*, 29 App. Ct. Rep. 106.) Two writs of error have been sued out from this court by certain of the intervening creditors for the purpose of reviewing the judgment of the Appellate Court entered on June 26, 1888, affirming said second decree of the Circuit Court. The two suits thus begun in this court, have been consolidated, and errors have been assigned in the name of George F. Beardsley, one of said intervening creditors, who appears here as the sole and only plaintiff in error.

The defendants in error named in the *scire facias* issued from this court are Charles L. Smith, receiver, H. H. Harris, Cashier, The First National Bank of Champaign, and William L. Scott. Scott has not been served. Smith has entered his appearance in his own proper person, but has not appeared by attorney, and has filed no brief. Harris and The First National Bank are the only defendants in error, who appear before us as contestants in this proceeding. The controversy here is between the plaintiff in error, Beardsley, on the one side, and Harris and the Bank on the other side.

The Champaign Sugar Company was engaged in raising sorghum cane and manufacturing sugar and syrup therefrom. It owned certain lands, and buildings and machinery therein, and personal property. The decree of the Circuit court found that Harris and the Bank, as judgment creditors, had a prior lien upon the real estate and buildings, and the machinery of

a fixed character attached thereto, and the fixtures, etc., but that the other creditors were entitled to be paid first out of the personal property, etc.; and the decree directed, that the receiver should sell all the property at public vendue, and that the proceeds of the sale of the real estate, fixed machinery, fixtures, etc., should be first applied, in full or pro rata, to the payment of the judgments of Harris and the Bank; and that Beardsley, McKinley and other creditors, holding certain bonds secured by a trust deed on the property, and having a prior lien upon the personal property, should be paid out of the proceeds of the sale of said personal property, and out of any surplus, if there should be any, of the proceeds of the sale of the realty after paying said judgments. The statement thus made is only of the substance and general character of the decree without specifying details. .

The assignments of error question the validity of the decree, in holding that certain property was realty rather than personalty, and in ordering the receiver to sell the realty without redemption, but the main error assigned is, that the decree gave the judgments of Harris and the Bank a prior lien upon the realty, fixtures and fixed machinery, instead of giving the holders of the bonds a first lien upon all the property described in the trust deed.

Such being the character of the litigation and the nature of the decree entered therein, the defendants in error, Harris and the Bank, have filed in this Court the following plea of release of errors: "Come now the defendants in error First National Bank of Champaign, and H. H. Harris, cashier, and for plea to said writ of error say, that the said plaintiff in error, after the rendition of the decision and judgment of the Appellate Court of the Third District of Illinois at Springfield, Ills., on June 26, 1888, and, before suing out the writ of error in this case, did at towit: the county of Champaign in said State, release unto said defendants in error all errors in said case affecting him, the said Beardsley, and agreed upon a sale of

the property in controversy and a division of the proceeds thereof regardless of any and all errors in said record, and this the said defendants in error are ready to verify; Wherefore they pray judgment, etc." To this plea the plaintiff in error, Beardsley, has filed a demurrer, alleging that "the said plea, and matters therein alleged, are not sufficient to constitute a plea of release of errors, nor to bar the further prosecution of the said writ of error, as matter of law."

We think that the plea is bad, and that the demurrer should be sustained. The plea and all its intendments must be taken most strongly against the pleader. (*Chamblin* v. *Blair,* 58 Ill. 385.) In *Corwin* v. *Shoup,* 76 Ill. 246, we said in regard to a plea of release of errors: "The first plea is too general; it only avers that the errors were released without stating in what manner. It does not aver that it was by deed, by parol or by acts *in pais.* A plea of this kind should state the facts that are relied on as a release of errors."

The plea under consideration does not meet the requirements thus laid down. In the first place, it does not state whether the release of errors was a written instrument, or a merely verbal agreement. (*Henrickson* v. *Van Winkle,* 21 Ill. 274.) If the release is by deed, and is set up in the plea, as was done in the *Henrickson case,* this Court can determine upon inspection of it whether it is a valid release, but if the evidence rests in parol, the issues must be sent to the Circuit Court, or to some other appropriate tribunal, to be tried. (*Moore* v. *Williams,* 132 Ill. 591.) If this plea intends to aver, that the release was an agreement for the sale of the property and a division of the proceeds, it does not appear whether such agreement was verbal or in writing. In the next place, the plea does not state with sufficient definiteness the facts relied on as a release of errors. There is no statement of the terms of the agreement for a sale and division of the proceeds of sale. The decree of the Circuit Court ordered a sale of the property and a division of the proceeds among the creditors in

the manner already specified. It does not appear from the plea, that the agreement therein referred to provided for any different sale or division, than the sale or division ordered by the decree. A mere agreement that the decree should be executed as entered could neither add to nor detract from its force. It has been held, that the payment of a judgment before the issuance of an execution does not operate as a release of errors. (*Richeson* v. *Ryan*, 14 Ill. 74; *Page* v. *The People*, 99 id. 418.) Where a defendant agreed to pay the amount, which a decree ordered him to pay, if the time, within which the money was directed to be paid by the decree, should be extended, and the decree was so amended accordingly as to extend the time, it was held, that the agreement could not be regarded as so far voluntary as to operate as a release of errors. (*Hatch* v. *Jacobson*, 94 Ill. 584.)

Again, the plea does not aver that the agreement therein referred to was based upon a good consideration, or that there was any consideration for it. It is not shown therein, that there was any such change in the provisions made by the decree for a sale of the property and a division of the proceeds of the sale, as worked any inconvenience or loss to the defendants in error. (*Smucker* v. *Larimore*, 21 Ill. 267; *Austin* v. *Bainter*, 40 id. 82.) Nor is it averred or shown, that anything was done under the agreement named in the plea, by which the position of the defendants in error was changed, or by which their rights were affected. It does not appear from the averments of the plea, that plaintiff in error accepted the benefit of the decree in any such way as to be estopped from prosecuting a writ of error to reverse it, or that he did any act or acts, which would render it fraudulent for him to seek to reverse the decree. (*Austin.* v. *Bainter*, *supra; Corwin* v. *Shoup*, *supra.*)

It is unnecessary to enquire whether errors are properly assigned or not. "When a plea of release of errors, on demurrer

thereto, is adjudged bad, a judgment of reversal must be entered thereon." (*Page* v. *The People,* 99 Ill. 418.)

Accordingly the judgment of the Appellate Court and the decree of the Circuit Court are reversed, and the cause is remanded to the Circuit Court.

*Judgment reversed.*