## C. L. Lancaster, Appellee, v. O. A. Bartscht, Appellant.

1. Appeals and errors—*what does not operate as release of errors.* An appeal sought to be perfected from a judgment for costs will not be dismissed on the ground that there had been a release of errors if by inadvertence the costs were paid by the party taking the appeal.

2. Instructions—*when upon credibility of witness erroneous.* The following instruction is erroneous in permitting the jury to disregard the question whether the false statement of the witness was wilfully made and also in permitting the jury to disregard the testimony of such witness, except where corroborated, if he had testified falsely as to a material question on a former trial.

"If you believe from the evidence any witness has testified falsely on a former trial of this case, then you are at liberty to disregard his evidence, except where corroborated by other credible witness or by facts and circumstances that may be in proof."

3. Instructions—*when upon credibility of witness should be accurate.* Where the issues of fact are to be determined by weighing the testimony of the two parties to the suit, the instructions as to the credit to be given to such parties should be accurate.

Action commenced before justice of the peace. Appeal from the County Court of Effingham county; the Hon. M. O'Donnell, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed February 11, 1910.

S. F. Gilmore, for appellant; Wood Bros. & Rickelman, of counsel.

Wright Bros. and R. C. Harrah, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellee was indebted to appellant upon a promissory note for $184 and in paying the same, claims to have given appellant $30 too much money. This suit was instituted before a justice of the peace of Effingham county, to recover the amount claimed by appellee to have been overpaid and resulted there

in a judgment against appellee for costs. Upon appeal to the County Court, where there was a trial by jury, appellee obtained a judgment against appellant for the amount of his claim and costs. Upon the trial in the County Court, appellant entered a motion to dismiss the appeal for the reason, "that before the appeal was taken, said judgment against the appellant was fully paid off and discharged by him and there was and is no judgment from which an appeal can be taken." In support of the motion appellant presented the affidavit of the justice of the peace, before whom the case was tried, who stated therein, that upon the hearing judgment was rendered in favor of appellant and against appellee for the costs of suit, taxed at $7.85; that on the same day the judgment was rendered appellee paid the amount in full to him as such justice and that nothing whatever remained due upon said judgment on the day of the date of the taking of the appeal in said cause by appellee. The Couny Court denied the motion of appellant to dismiss the appeal, and this action of the court is assigned by appellant as error.

While the affidavit of the justice states that the costs were taxed at $7.85 and that plaintiff paid that amount to him in full on the day of the trial, yet the transcript of the justice filed in the County Court, which is a part of the record, shows that the costs taxed against appellee included the fees for an appeal bond and a transcript and that with these items included, the total costs were only $7.35. The appeal bond is dated three days, and approved five days, after the date of the trial. The justice of the peace does not explain why the charge for the bond and transcript were included in the costs paid and we think it is a fair inference that appellee intended to take his appeal at the time he paid the costs as it is not to be supposed that he would pay for an ap-

peal bond and transcript if no appeal was contemplated. It was the duty of appellee to pay for the appeal bond and transcript upon taking his appeal and the mere fact that he also paid the rest of the costs at the same time should not deprive him of the benefit of his appeal. As bearing somewhat upon this question, we refer to Richeson v. Ryan, 14 Ill. 74, where it was held, that the payment of a judgment before an execution was issued, did not operate as a release of errors, and by so doing the party making the payment, did not waive his right to remove the record from the Circuit to the Supreme Court, for the purpose of having the validity of the proceedings tested and determined. This case is cited in Page v. The People, 99 Ill. 418, and Beardsley v. Smith, 139 *id.* 290.

We are of opinion that the court below properly refused the motion of appellant to dismiss the appeal from the justice. The judgment in this case must, however, be reversed for another reason.

The 7th instruction given for appellee, was as follows:

"If you believe from the evidence any witness has testified falsely on a material question on a former trial of this case, then you are at liberty to disregard his evidence, except where he is corroborated by other credible witness or by facts and circumstances that may be in proof."

This instruction was directed particularly at appellant, who admitted on the trial in the County Court that a statement made by him before the justice was inaccurate, but further stated, in effect, that it was inadvertently made, and also gave an explanation of the circumstances under which he made the same. This instruction not only permitted the jury to disregard the question whether the false statement of the witness was wilfully made, but also permitted them to disregard his testimony, except where corroborated, if he had testified falsely on a material question on a *former trial.* The instruction is so

evidently erroneous that it is unnecessary for us to discuss it further or cite authorities.

The two parties to the suit were alone together when the payment of the note was made and the verdict of the jury must have depended very largely, if not wholly, upon the question as to which of the two should be believed. Under these circumstances it was necessary that the instructions, governing this case, especially such as referred to the credit to be given the testimony of the witnesses, should state the law accurately. Union Trac. Co. v. Miller, 212 Ill. 49; W. Chi. St. R. R. Co. v. Dougherty, 170 *id.* 379; C. B. & Q. R. R. Co. v. Van Patten, 64 *id.* 510; Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81.

For the error in giving the instruction above referred to, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*