with those of the courts deciding the following cases: *Turner v. Wentworth,* 119 Mass. 459; *Union Stove Works v. Klingman,* 20 App. Div. (N. Y.) 449; *Porch v. Agnew Co.,* 70 N. J. Eq. 328; *American Radiator Co. v. Pendleton,* 62 Wash. 56.

The judgment of the Circuit Court is reversed and the cause remanded to that court with directions to overrule the demurrer.

*Reversed and remanded with directions.*

---

**The Billboard Publishing Company, Appellant, v. F. C. McCarahan, Appellee.**

**Gen. No. 20,421.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by The Billboard Publishing Company against F. C. McCarahan in equity. For former opinions see 151 Ill. App. 227; 180 Ill. App. 525, 542, 544. The appeal in 180 Ill. App. 525, was heard in this court at the March Term, 1913. On June 20, 1913, the mandate of the Appellate Court reversing the order of March 10, 1910, which dismissed the bill and remanded the cause to the Circuit Court "for such other and further proceedings as to law and justice shall appertain," was filed in the Circuit Court. July 25, 1913, the Circuit Court gave the complainant the right to file a supplemental bill, and ordered an injunction *pendente lite* against McCarahan's prosecuting the suit at law, in which judgment had been entered December 21, 1910, and prosecuting certain suits on bonds

relating to the judgment obtained in the case, and taking any further proceedings to collect said judgment. The supplemental bill prayed that all suits and proceedings by McCarahan to collect the judgment obtained by him in an action at law December 21, 1910, be restrained and that The Billboard Publishing Company be allowed damages against McCarahan for the violation of the injunction heretofore entered in this case, and prayed for an accounting pending before one of the masters in chancery. McCarahan filed an answer, and afterward withdrew it and filed a plea, setting forth that the action at law involved all the matters set forth in the equity action and the judgment therein was a complete determination of the same. Demurrer to the plea was overruled. Leave was given to file a replication. From a decree entered in favor of the defendant, plaintiff appeals.

SIMMONS & IRVING, for appellant.

J. S. McCLURE, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. INJUNCTION, § 212*—*what is effect of erroneous dismissal.* Where an action has been brought at law, and before trial thereof an action is brought by the defendant therein in a court of equity and therein the prosecution of the suit at law is enjoined, and the suit in equity is erroneously dismissed, the injunction is thereby dissolved and the court of law and its officers can thereafter proceed to judgment unless restrained by a subsequent action in equity.

2. APPEAL AND ERROR, § 1797*—*what is effect of reversal on intermediate proceedings in a related action.* A judgment at law involving the decision of the same case, facts and issues of an action in equity to enjoin the prosecution of the action at law, erroneously dismissed by the trial court, the judgment being rendered after such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dismissal, is not affected by a decision of the Appellate Court thereafter that such dismissal is erroneous though not void, even though the plaintiff in said equity suit relied on the theory that the order of dismissal was void and failed to make any defense to the action at law.

## Luce Furniture Company, Defendant in Error, v. The Almini Company, Plaintiff in Error.

### Gen. No. 20,507.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915. Rehearing denied May 10, 1915.

### Statement of the Case.

Action by the Luce Furniture Company, a corporation, against The Almini Company, a corporation, for goods purchased by the Almini Company A. of New York and sent by the order of said company to two other parties in New York. Before the goods were paid for said company ceased to exist and Almini Company B. was organized for the purpose of taking over and continuing the business of said company, which it did, and its capital stock was virtually the same as that of said company. Judgment for plaintiff. Defendant appeals. Affirmed for the same reasons this court affirmed *Quinlan v. Almini Co.*, 191 Ill. App. 568.

GEORGE W. WILBUR, for plaintiff in error.

EASTMAN & WHITE, for defendant in error; WILLIAM R. PEACOCK, of counsel.