Orlando Noble et al., trading as Noble & Thumm, Appellants, v. Arthur S. Carruthers, trading as Arthur S. Carruthers & Company, and Robert L. Leffingwell, Appellees.

## Gen. No. 30,266.

1. Appeal and error—*enforcement of payment of judgment by execution as effecting release of errors.* The enforcement by exe-

cution of the payment of a judgment does not operate to release errors that may have been made in the entry of such judgment.

2. LIS PENDENS—*effect of reversal of decree dismissing bill of interpleader upon rights acquired by claimants pending appeal.* Where rival claimants for commissions due from a common principal for services in procuring a tenant for his property prosecuted their claims to judgment while there was pending in the Appellate Court an appeal from a decree of the circuit court dismissing his bill of interpleader seeking the judgment of that court on the respective rights of such claimants, their action in so doing and in procuring satisfaction of such judgments by execution was at their risk and subject to the power of the circuit court, upon reversal of its decree, to restore the status or to give such other relief as equity might deem just in the premises.

3. INTERPLEADER—*sufficiency of supplemental bill.* Where, pending reversal on appeal of a decree dismissing a bill of interpleader wherein complainants admitted an obligation to pay commissions for procuring a tenant to their property and prayed that the two claimants to such commissions be required to interplead, each of such claimants prosecuted his claim against complainants to judgment, payment being enforced as to one by execution issued following its affirmance on appeal, and the other remaining pending on writ of error, a supplemental bill of interpleader, filed by complainants following the reversal of the former decree, setting up the matters that had transpired since the filing of the original bill and praying that the said claimants, named as defendants, be enjoined from attempting to enforce the collection of the judgment and upon payment by complainants of the sum found due for commissions, to satisfy such judgments, was improperly dismissed on demurrer by one of such claimants.

Appeal by plaintiffs from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and remanded with directions. Opinion filed February 3, 1926. Rehearing denied February 16, 1926.

DELBERT A. CLITHERO and CLITHERO, VAN SCHAICK & STEVENS, for appellants.

BRUNDAGE, LANDON, HOLT & BOORD, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal complainants seek to reverse a de-

cree of the circuit court of Cook county dismissing their bill of interpleader for want of equity.

The record discloses that on March 28, 1923, complainants filed their bill of interpleader, wherein they alleged that they were the owners of certain real estate located in Evanston and were desirous of leasing the premises and for that purpose listed it with the two defendants, who were real estate brokers; that afterwards a tenant was obtained by one of the two defendants, but each of them claimed to have obtained the tenant, and, therefore, was entitled to the full commission. The bill further alleged that on October 22, 1921, the defendant, Carruthers, brought suit in the municipal court against the complainant to recover a commission of $2,790, claimed to be due him for obtaining the tenant for the premises in question; that on January 11, 1922, the defendant, Leffingwell, also brought an action in the municipal court of Chicago against the complainants to recover $2,220, claimed by him as commission for obtaining the same tenant; that complainants admitted that they owed a commission of $2,409.51 to the defendant who had obtained the tenant and prayed that the defendants be required to interplead. The defendant, Leffingwell, answered the bill but Carruthers demurred to it. The demurrer was sustained and the bill dismissed. An appeal was taken to this court where the decree of the circuit court was reversed and the cause remanded. *Noble v. Carruthers,* 235 Ill. App. 1. The opinion was filed in this court November 26, 1924. In the meantime, over objection of complainants, the two suits pending in the municipal court were tried without a jury before the same judge who heard the evidence in both cases and on December 31, 1923, entered a judgment in favor of Leffingwell for $2,220 and another judgment in favor of Carruthers for $750. Complainants appealed from the Leffingwell judgment to this court where the judgment of the municipal court was affirmed by another

division of this court on October 7, 1924 [235 Ill. App. 608]. No appeal was taken from the Carruther's judgment. After this court reversed the decree of the circuit court which dismissed the bill of interpleader, the cause was redocketed in the circuit court and complainants upon leave filed their supplemental bill which set up the matter that had transpired since the entry of the decree dismissing the bill. It further appears from the record that two days after the original bill was filed, the court entered an order restraining the defendants from prosecuting the two suits in the municipal court until further order of the court. By both the original and supplemental bills complainants offered to pay into court the $2,409.51, or whatever sum the court should find to be the reasonable and customary commission due for the obtaining of the tenant. The prayer of the supplemental bill was that the two defendants be enjoined from attempting to enforce the collection of the two judgments rendered in the municipal court; that upon the payment by complainants of the amount found due for the commission, the injunction be made perpetual and the defendants ordered to satisfy the municipal court judgments. Carruthers answered the bill and the defendant, Leffingwell, demurred to it. His demurrer was sustained, the bill was dismissed and this appeal followed.

It was agreed by counsel for complainants, and counsel for Leffingwell, that since the decree was entered, from which this appeal was taken, Leffingwell has enforced collection of his municipal court judgment by execution. Our attention has also been brought to the fact that afterwards and on November 17, 1925, a writ of error was sued out from this court by Carruthers to reverse the $750 judgment entered in his favor by the municipal court, which writ of error is returnable to the March, 1926, term of this court.

The enforced payment of the Leffingwell judgment rendered in the municipal court does not operate to

release any errors that may have been made in the entry of that judgment. *Zbetovsky v. Doupnik*, 237 Ill. App. 647; *Richeson v. Ryan*, 14 Ill. 74; *Chaney v. Baker*, 302 Ill. 481, and other cases cited by us in the *Doupnik* case.

What was done by the two defendants in prosecuting their two suits which were pending in the municipal court while the appeal was pending in this court from the decree dismissing the bill of interpleader was at the risk of defendants and subject to the power of the circuit court upon the reversal of its decree by this court to restore the status or to give such other relief as equity might deem just in the premises. *New Haven Clock Co. v. Kochersperger*, 175 Ill. 383; *Turney v. Shriver*, 269 Ill. 164; *Gulick v. Hamilton*, 287 Ill. 367. It would certainly be unjust and inequitable to permit the two defendants who were plaintiffs in the two municipal court actions to proceed with those cases whereby the complainants might be compelled to pay Carruthers and Leffingwell the full amount of the commission, thereby compelling the complainants to pay for the same services twice. We have held that if the allegations of the bill of interpleader were true, the bill stated a good cause of action. If the decree of the circuit court dismissing the supplemental bill is reversed, complainants may be forced to pay twice, because it appears that Leffingwell has been paid the full amount of the commission and that Carruthers, by his writ of error now pending in this court, is also endeavoring to get the full commission.

In the *Kochersperger* case, the court said (p. 395): "A party filing a bill for an injunction may fail to procure a preliminary injunction, but any act after the court has acquired jurisdiction will be subject to the power of the court to compel a restoration of the status or to enforce such other relief as may be proper."

In the *Turney* case, the court said (p. 172): "The

rule in this State is, that where a bill for an injunction has been filed and the court has acquired jurisdiction of both the person and the subject matter of the suit and the defendant does any act which the bill seeks to enjoin, such party acts at his peril and subject to the power of the court to compel a restoration of the status, or to grant such other relief as may be proper under the particular circumstances of the case.''

The case at bar is to be distinguished from the case of the *Billboard Pub. Co. v. McCarahan*, 192 Ill. App. 384, cited by counsel for Leffingwell. In that case Mc-Carahan had brought an action of assumpsit against the Billboard Company to recover commissions claimed to be due him. The Billboard Company then filed a bill in equity for an accounting against McCarahan and praying that the action at law be restrained. A temporary restraining order was issued. Afterwards the matter was referred to a master in chancery and while he was taking the proofs, the chancery suit was dismissed, March 10, 1910, for want of prosecution. Neither party discovered the dismissal order until the lapse of several terms after the dismissal order was entered. McCarahan upon learning of the dismissal of the bill moved that the action at law be set for trial. On October 27, 1910, the Billboard Company filed a petition in the chancery case, seeking to have McCara-han held in contempt of court for proceeding with the action at law. A demurrer to the petition was sustained and upon appeal to this court the decree was affirmed. The court held that McCarahan could not be held in contempt of an order entered in the chancery suit when that suit had been dismissed. Afterwards McCarahan proceeded with his action at law and secured a judgment in 1911. On February 6 following, the Billboard Company filed another bill praying that the judgment at law be vacated and that McCarahan be enjoined from attempting to enforce the collection of it. The temporary injunction was

afterwards dissolved and an appeal was denied the Billboard Company. Afterwards its bill was dismissed and it appealed to this court where the decree was affirmed on the ground that the dismissal order of March 10, 1910, while erroneous, was not void. The Billboard Company sued out a writ of error to reverse the order of March 10, 1910, and this court reversed and remanded that order. On redocketing the cause, the Billboard Company filed a supplemental bill to which McCarahan filed a plea. The plea was held good, the bill dismissed and an appeal was taken to this court where the decree of the trial court was affirmed. (192 Ill. App. 384.) In that case the court said: "But the injunction was dissolved by the dismissal of the bill, the lawsuit was prosecuted; the Billboard Publishing Company *could* have raised in defense to it, inconvenient as it might have been to it to have done so, every matter that it did raise in the chancery suit. It elected neither to do that nor to file a new bill, nor even, until long after, to sue out a writ of error on the dismissal of the old one, pertinaciously adhering to the erroneous theory that the order of dismissal was void. This it did at its peril, and we think it has now no ground of complaint."

In the instant case, we held on the former appeal that the bill of interpleader would lie and plaintiff did not have an adequate remedy at law by defending the two suits in the municipal court. Moreover, complainants here did not adhere to any erroneous theory as in the *McCarahan* case, but on the contrary we have held that his theory has been consistently correct. Further, in that case the bill was filed after judgment at law had been entered, while, in the case at bar, the bill was filed while the two suits were pending in the municipal court. Another distinction is that in the *McCarahan* case nothing whatever was pending in the equity case from the time the suit was dismissed until the writ of error was sued out, many months later,

while in this case the equity suit instituted by complainants has been alive and pending continuously since the original bill was filed.

For the reasons stated, the decree of the circuit court is reversed and the cause remanded to that court with directions to overrule the demurrer filed by Leffingwell and for such other proceedings as may be in accordance with the views herein expressed.

*Reversed and remanded with directions.*

THOMSON, P.J., and TAYLOR, J., concur.