(No. 55274.—

LAKE COUNTY FOREST PRESERVE DISTRICT, Appellant, v. VERNON HILLS DEVELOPMENT CORPORATION, Appellee.

*Opinion filed September 17, 1982.*

Donald T. Morrison & Associates, P.C., of Waukegan (Donald T. Morrison, of counsel), for appellant.

Rothschild, Barry & Myers, of Chicago (William G. Myers, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

On July 5, 1974, the Lake County Forest Preserve District (District) filed a condemnation action against real property owned by the defendant, Vernon Hills Development Corporation (corporation). A jury returned a verdict on December 1, 1978, finding just compensation for the taking of the property to be $450,000, and the circuit court of Lake County entered judgment on the verdict on December 6, 1978. Under the judgment order, fee simple title was to vest in the District upon payment, within 90 days, of the judgment award, plus the defendant's costs of $13 and interest pursuant to section 3 of the Interest Act (Ill. Rev. Stat., 1978 Supp., ch. 74, par. 3) until the date of deposit of the award with the Lake County treasurer. On December 26, 1978, the corporation filed a post-trial motion for a new trial. The motion was denied, and on February 13, 1979, the corporation filed a notice of appeal claiming the award was inadequate. The appellate court affirmed the judgment of the circuit court of Lake County on June 17, 1980. *Lake County Forest Preserve District v. Vernon Hills Devel-*

*opment Corp.* (1980), 85 Ill. App. 3d 241.

On July 30, 1980, the District deposited with the treasurer of Lake County the sum of $455,560.75, representing the judgment amount plus interest from the date of the verdict to the date the notice of appeal was filed, plus the defendant's costs of $13. The corporation, on September 3, 1980, filed an "Application for Withdrawal of Condemnation Award and Motion for Order Directing Plaintiff to Pay Additional Interest." The motion requested $38,822.81 of additional interest to cover the period from the filing of the notice of appeal until the date the District made the deposit. (It was later agreed that, if interest had accrued during this period, the correct amount of interest would be $39,426.01.) The motion further sought an order directing the District to pay $73.97, representing interest on the amount of the verdict, for each day after July 30, 1978, the date of the District's deposit, until the entire amount due and owing had been satisfied. On September 10, 1980, the trial court allowed the corporation's application to withdraw the sum deposited by the District on July 30, 1980, without prejudice to any claims for interest. The trial court also ordered the District to pay additional interest to cover the period of "the pendency of appeal," *i.e.*, the time between the filing of the notice of appeal and the affirmance by the appellate court. On September 12, 1980, the District deposited an additional $39,426.01 with the treasurer of Lake County to cover interest from February 13, 1979, the date of the filing of the corporation's notice of appeal, to July 30, 1980, when the District deposited $455,560.75.

On October 1, 1980, the corporation renewed its motion for additional interest of $73.97 per day for the period from July 30, 1980, until September 10, 1980. The latter date was the date the trial court allowed the corporation to withdraw the original deposit without preju-

dice to its claim for interest. (No claim was made with respect to the two days from September 10 to September 12, 1980.) The trial court denied the corporation's motion on October 1, 1980.

On October 9, 1980, the District filed a notice of appeal from the September 10, 1980, judgment requiring it to pay interest on the award during the pendency of the appeal. On October 30, 1980, the corporation cross-appealed from the trial court's October 1, 1980, judgment denying its motion for the allowance of interest from July 30, 1980, to September 10, 1980. The appellate court affirmed that part of the judgment of the circuit court consisting of its September 10, 1980, order requiring the District to pay interest on the award to cover the period during the corporation's unsuccessful appeal, reversed that part of the judgment of the circuit court denying the corporation's motion for interest from July 30, 1980, to September 10, 1980, and remanded the cause with directions to enter judgment consistent with its opinion. (96 Ill. App. 3d 689.) We allowed the Lake County Forest Preserve District's petition for leave to appeal. 73 Ill. 2d R. 315.

The principal question on this appeal is whether section 3 of the Interest Act entitles a condemnee to post-judgment interest during the pendency of an unsuccessful appeal of a condemnation judgment where, as here, the condemnee retains possession of the land during the time of appeal. On the date judgment was entered here, section 3 of the Interest Act provided:

"Judgments recovered before any court shall draw interest at the rate of 8% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at

the above rate, from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of appeal, or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat., 1978 Supp., ch. 74, par. 3.

The first two sentences of the section have been virtually unchanged since the Interest Act was enacted in 1879. The third sentence was added in 1955. Ill. Ann. Stat., ch. 74, par. 3, Historical Note, at 48 (Smith-Hurd 1966).

In *Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, which involved a judgment under the Federal Employers' Liability Act, this court noted that, prior to the 1955 amendment to section 3, "the appellate courts of this State were unanimous in holding an appealing judgment creditor was not entitled to interest on his judgment pending disposition of the appeal, since the delay in payment thereof was either wholly or partly occasioned by his action in appealing or cross-appealing. [Citations.] This rule has recently been criticized for its inequities [citation] for the reason that it deprives an unsuccessful appealing judgment creditor of the interim use of the money due on a judgment when, by virtue of such unsuccessful appeal, the propriety of the original judgment, as here, is affirmed." (31 Ill. 2d 518, 522.) The court held that it was the legislative intendment, when it provided through the 1955 amendment "a way by which [a judgment debtor] could stop the accrual of interest under the statute where the judgment creditor prosecutes an appeal," that a judgment creditor should be given a statutory right to interest pending his appeal if the judgment debtor did not tender payment. 31 Ill. 2d 518, 524. See also *First National Bank & Trust Co. v. Aluminum Coil Anodizing Corp.* (1980), 86 Ill. App. 3d 842.

The District does not quarrel with the holding in *Pink-*

*staff*, but it argues that *Pinkstaff* is not applicable to proceedings under the Eminent Domain Act if the landowner remains in possession pending his appeal. This should be so, it says, because the condemnee is not injured until possession of his property has been taken by the condemnor. The contention cannot be accepted. This court has held, both prior to 1955 and thereafter, that section 3 of the Interest Act applies to condemnation judgments in eminent domain proceedings. (*Department of Conservation v. Jones* (1979), 75 Ill. 2d 557; *Department of Public Works & Buildings v. Larson* (1961), 22 Ill. 2d 425; *Chapralis v. City of Chicago* (1945), 389 Ill. 269; *Commissioners of Lincoln Park v. Schmidt* (1942), 379 Ill. 130; *Epling v. Dickson* (1897), 170 Ill. 329.) The only exception to this is when land is taken by a condemning body under the "quicktake" provisions of the Eminent Domain Act (Ill. Rev. Stat. 1977, ch. 47, pars. 2.1 through 2.10). (*Department of Public Works & Buildings v. Larson* (1961), 22 Ill. 2d 425.) Significantly, so far as the District's contention is concerned, the legislature did not make any other exceptions to the applicability of section 3 in eminent domain proceedings.

This court has given convincing reasons for rejecting the District's contention:

"The time of filing a petition to condemn is wholly without the control of the owner who, immediately upon the filing of the petition, no longer has the freedom to deal with the property as an owner in fee simple. He has no assurance that the case will proceed to trial and judgment in the year in which the petition is filed or within several years thereafter; he has no assurance that, when an award by a jury is made and judgment entered thereon, the condemning agency will pay the award within a reasonable time. (Ill. Rev. Stat. 1961, ch. 47, par. 10.) In other words, between the time of filing the petition and the time the award is actually paid by the condemnor, the owner of real estate cannot enter into long term leases, make improvements, or even maintain

the property with hope of reimbursement, and certainly cannot sell it excepting subject to the proceedings then pending.

The mere filing of a petition to condemn effectively encumbers the land, imposing a burden upon it, impeding its transfer, and to that extent destroying the fee simple estate of the owner." (*Public Building Com. v. Continental Illinois National Bank & Trust Co.* (1964), 30 Ill. 2d 115, 121-22.)

A condemnee obviously sustains a very real and substantial interference with his property rights whenever a petition to condemn is filed. That interference persists even though he remains in possession during the appeal. A condemnee, it should be noted, would be discouraged from exercising his right to appeal from the condemnation judgment if the right to interest pending appeal would be defeated in the event he loses the appeal.

That the corporation retained possession of the property pending its appeal did not operate to frustrate the District. Section 13 of the Eminent Domain Act (Ill. Rev. Stat. 1977, ch. 47, par. 13) provides a condemnor with the right to take possession and use the property during the condemnee's appeal by posting a bond. Since the District did not exercise this right, it can hardly complain that the corporation retained possession of the property during the pendency of its appeal.

Since section 3 of the Interest Act is applicable to eminent domain proceedings, except for those under the "quick-take" provisions, we examine the wording of the statute to determine what effect it has here. The second sentence of section 3 requires that, on the date of the judgment, interest at the rate of 6% per annum shall be computed on the amount of the jury verdict from the date the verdict was rendered, December 1, 1978, until the date judgment was entered on the verdict, December 6, 1978. That part of section 3 also states that the interest so computed shall be made a part of the judgment. Thus, the

judgment award is the amount of the verdict plus interest as computed above. The first sentence of section 3 then provides that interest at the rate of 6% per annum is to be calculated on the judgment award (the sum of the verdict amount and interest from the date of the verdict to the date of judgment) from the date of the judgment until the total amount due and owing is satisfied.

The District's deposit of $455,560.75 on July 30, 1980, included interest only from the date of the verdict to the date the corporation's notice of appeal was filed. The corporation argued on cross-appeal that, since the July 30, 1980, deposit did not include interest for the period from the date the notice of appeal was filed until the date of deposit with the Lake County treasurer, interest on the entire judgment award continued to accrue until the District's second deposit on September 12, 1980. The District contends here that, if the corporation is entitled to any interest for the period between the first and second deposits, it is not for interest on the amount of the award but only for interest on the $39,426.01 of interest that accrued between the date the corporation filed its notice of appeal and the date of the District's $455,560.75 deposit.

The 1955 amendment to section 3 of the Interest Act provides the method whereby a judgment debtor can stop the further accrual of interest on the judgment. This can be accomplished only by tendering "payment of judgment, costs and interest accrued to date of tender." In *Pinkstaff* we quoted with approval the following language from *River Valley Cartage Co. v. Hawkeye-Security Insurance Co.* (1959), 17 Ill. 2d 242, 246: " 'A valid tender by the debtor must be "sufficient to cover all that the creditor then has a right to recover whether of debt, interest or costs. If he tenders less, then the tender is not good ***." *Sweetland v. Tuthill* (1870), 54 Ill. 215, 216.' " (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 526; see also *Thomas v. Missouri-Illinois R.R. Co.* (1975), 30 Ill.

App. 3d 40.) Since the District's July 30, 1980, deposit did not include the total interest the corporation was owed on that date, interest on the judgment award continued to accrue until September 12, 1980. That is, the District's tender on July 30, 1980, did not include interest for the period from the filing of the notice of appeal to the date of tender. Through inadvertence or otherwise, the corporation has not sought to recover additional interest for the two-day period between September 10, 1980, and September 12, 1980.

For the reasons given, the judgment of the appellate court is affirmed and the cause is remanded to the circuit court of Lake County for the entry of judgment consistent with this opinion.

*Affirmed and remanded, with directions.*