**QUALITY MOLDING COMPANY,**
Plaintiff-Appellant,

v.

**AMERICAN NATIONAL FIRE INSUR-ANCE COMPANY et al., Defendants-Appellees.**

Nos. 12659–12668.

United States Court of Appeals Seventh Circuit.

Dec. 15, 1959.

Rehearing Denied Jan. 19, 1960.

Alvin G. Hubbard, Reese Hubbard, Chicago, Ill., for plaintiff-appellant.

John P. Gorman, Donald N. Clausen, Norman A. Miller, Jerome H. Torshen, Chicago, Ill., for defendants-appellees.

Before DUFFY and SCHNACKEN-BERG, Circuit Judges, and PLATT, District Judge.

DUFFY, Circuit Judge.

Plaintiff sued in the Municipal Court of Chicago on twelve fire insurance policies with business interruption forms affixed. Ten of the defendants removed

their cases to the United States District Court where the ten cases were consolidated for trial. By stipulation, the decision which will be reached in the instant litigation will govern and control the two cases not appealed. The instant suit was tried to a jury which rendered a verdict for the plaintiff in the sum of $52,497.15. Plaintiff filed a motion for a new trial claiming, *inter alia*, the verdict was grossly inadequate. This motion was denied. Judgment was entered on the verdict from which this appeal was taken.

Plaintiff was a manufacturer of plastic flower pots or planters for household use. Plaintiff owned a factory in Chicago containing about 11,500 square feet. Plaintiff leased a contiguous building on the west which contained about 3,000 square feet. Plaintiff also leased 4400 square feet of space in a building a block east on the same street. The building which was burned in the early morning of September 12, 1957, was the building which was owned by plaintiff.

The evidence discloses that plaintiff had at least three kinds of fire insurance: 1) on the building owned by it; 2) on the contents of the buildings; and 3) business interruption. The first two are not involved in the instant suit. However, plaintiff claims the wording of the policies providing insurance for business interruption contained language broad enough to cover physical property such as "raw stock" and "stock in progress," in the amount of $33,207.76. Plaintiff also claims its loss resulting from interruption of business exceeds $200,-000.00.

An Illinois statute (Ill.Rev.Stat. 1959, ch. 73, § 1009) provides, as do many other state statutes, for a standard form of fire insurance policy. Plaintiff argues that some of the language in the standard forms used in the policies in suit is not expressly negated by "Business Interruption Form No. 2," an endorsement which is appended to the policies and which is the basis for the suits at bar. We have carefully examined the polices and endorsements, and are convinced those business interruption policies here at issue do not cover "raw stock" and other items which would come under the classification of contents.

After the fire, plaintiff discovered it was considerably under-insured as to contents, but that fact does not warrant an extension of coverage, by interpretation, of the business interruption policies. It follows the disputed item of $32,207.76 was properly excluded by the Court as an item of damage.

The remaining point is the argument of plaintiff that its damage, because of business interruption caused by the fire, was much larger than allowed by the jury. Plaintiff states it is entitled to recover $94,000.00 for loss of profit in the twelve months following the fire. It claims $73,000.00 for what it calls loss resulting from down time on its machinery. Also $11,000.00 is claimed for abandoning its building on Diversey Avenue. A number of other smaller amounts are likewise claimed as damages.

Business interruption insurance is insurance under which the insured is protected in the earnings which insured would have enjoyed had there been no interruption of business. 44 C.J.S. Insurance § 48; Miller v. Hocking Glass Co., 6 Cir., 80 F.2d 436, 437. The purpose of business interruption insurance is to protect the prospective earnings of the insured business. National Union Fire Ins. Co. of Pittsburgh v. Anderson-Prichard Oil Corporation, 10 Cir., 141 F. 2d 443.

The policies in the cases at bar covering business interruption provide the insured may recover on the net profit lost as a result of fire, together with certain charges and other expenses which continued during the interruption of the business. Also, the insured may recover expenses necessarily incurred in the reduction of loss. The policies provide that the period for which recovery may be had is limited to "only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, re-

pair or replace such described property as has been damaged or destroyed."

After the fire, plaintiff changed the location of its business. It obtained larger quarters and combined its various departments such as production, warehousing, packaging and offices all under one roof. The move to larger quarters had been considered prior to the fire. Plaintiff now claims the move was the result of the fire.

There was a marked conflict in the evidence presented to the jury upon the various items of damage. Although the plaintiff claimed a loss of profits for nine months immediately following the fire in the sum of in excess of $73,000.00, the records of the plaintiff showed that for the nine months ending August 31, 1957, there had been a net profit before taxes of $23,959.92, and a net profit after taxes of $17,212.09.

In computing lost profits in its claim against defendants, plaintiff allowed itself a margin of profit of close to thirty cents on the dollar. The books of the company showed, however, that plaintiff's margin of profit before the fire was slightly less than three cents on the dollar.

The insured contended that it would require at least nine months to twelve months, with the exercise of due diligence, to rebuild, replace and restore the damaged property and resume normal operations. On the other hand, the insurers submitted evidence that it would take only five months and thirteen days to restore the premises and commence operation at the old location.

■ We have examined the various claims for damages which were submitted. All of these matters were clearly questions for the jury, and we cannot say that such findings were clearly erroneous. We think the jury was justified in determining the total damage of plaintiff to be $52,497.15 which was the amount the defending insurance companies admitted was due.

We have considered the other claims of error submitted by plaintiff such as remarks made by the Court in the presence of the jury; the insistence by the Court that a certain witness be produced, and rulings on admission of certain evidence. We find no error.

Judgment affirmed.